## LEVY, APPELLANT, v. SPENCER, APPELLEE.

1. PUBLIC POLICY—VOID AGREEMENT.

An agreement between real estate agents, by the terms of which each is to share in the commissions paid by their respective principals upon an exchange of property which they are negotiating, is inhibited and void.

2. PRINCIPAL AND AGENT.

In the case of an exchange of property each principal is entitled to the benefit of the unbiased judgment of his agent as to the value to be placed on the other's property, and to a reasonable effort on the part of such agent to obtain a reduction of the value to be allowed therefor in the exchange.

3. ILLEGAL CONTRACT.

A claim which is founded upon and recoverable only through and by
virtue of an illegal agreement cannot be sustained.

*Appeal from the District Court of Arapahoe County.*

THIS action was instituted by the appellee in the district
court of Arapahoe county to recover from the appellant a
part of a commission received by him on account of a certain
real estate transaction. On the 14th day of March, 1890, the
plaintiff filed an amended complaint, which in substance is
as follows :

" That both plaintiff and defendant herein are real estate
agents, residing and doing business in the city of Denver,
and the state of Colorado, and were so residing and doing
business in said city at the times herein mentioned.

" That on the * * * day of * * * A. D. 1889, at Denver,
Colorado, the said defendant as a real estate agent, as afore-
said, had in his hands for sale an undivided one half interest
in lots seven to sixteen (7–16) inclusive, block one hundred
and forty-one (141), East Denver, said property being located
at the corner of Seventeenth and Stout streets, city of Den-
ver, and better known as the Albany Hotel property, said
undivided interest being the property of one Charles H. Nix,
the said one half interest to be sold by said defendant for two
hundred and fifty thousand dollars ($250,000).

" That as commission for the sale of said one half interest
as plaintiff is informed and believes and so charges, was then
to be paid to said defendant the sum of ten thousand dollars
($10,000).

" That at the same time and place this plaintiff did, as
agent as aforesaid, have for sale a certain one half undivided
interest in certain real estate lying and being in the county
of Jefferson and state of Colorado, * * * for sale for the sum
of seventy-five thousand dollars ($75,000), and in the event of
making the sale of said property this plaintiff was to receive
the sum of three thousand, seven hundred and fifty dollars

($3,750), as commission, said last described one half interest being the property of one A. L. Jones.

" That said Jones and said Nix being desirous of trading or selling their aforesaid interests, the said plaintiff and defendant as agents of said parties being desirous of bringing about said sale or said trade for said property, in consideration of that fact and for other mutual benefits and considerations, said plaintiff and said defendant did on the * * * day of * * * 1889, agree by and with each other that each of said plaintiff and defendant were to use their best endeavors to effect a trade of the said property between the said Nix and the said Jones at the prices hereinbefore stated, and that in the event of their effecting a trade or sale between the said parties, that in consideration of that fact and other considerations herein mentioned, that they would each pay to the other whenever collected, one half of the commission paid to said agents by their respective principals.

" That on the * * * day of * * * A. D. 1889, plaintiff and defendant did effect a trade or sale of the properties herein mentioned, between their respective principals, the said Jones and the said Nix, at the prices hereinbefore mentioned, the said Jones executing to the said Nix a trust deed upon the aforesaid Albany Hotel property for the difference between the price of his the said Jones' property, and the price of the said Nix's Albany Hotel property.

" That defendant has, as plaintiff is informed and believes and so charges, collected and settled with the said Nix for the commission agreed to be paid to said defendant by said Nix, to wit: The sum of ten thousand dollars ($10.000).

" That plaintiff, before the institution of this suit, has demanded of said defendant one half of the said commission paid by the said Nix to defendant, and to which this plaintiff, under his aforesaid contract, was entitled, to wit: The sum of five thousand dollars ($5,000).

" That the defendant has failed and refused, and still fails and refuses, to pay to this plaintiff any part of said sum of five thousand dollars ($5,000).

" Wherefore plaintiff demands judgment against the said defendant for the sum of five thousand dollars ($5,000), for interest and the cost of this suit."

Defendant demurred to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained, and thereafter, on May 9, 1890, plaintiff filed the following amendment:

" Plaintiff alleges that he is ready and willing and does hereby allow to defendant Levy credit on the five thousand dollars claimed by this plaintiff from said defendant, one half of three thousand seven hundred and fifty dollars, to wit: The sum of eighteen hundred and seventy-five dollars ($1,875), being one half the amount due to this plaintiff from his principal, A. L. Jones; plaintiff makes this as an amendment to and as part of the amended complaint herein.

" Wherefore, the plaintiff prays as in his amended complaint for the sum of five thousand dollars, subject to a credit thereon of the sum of eighteen hundred and seventy-five dollars; prays for his costs herein and for all other proper relief."

A motion was interposed to strike out this amendment for the following reason, among others:

" First—Because the said amendment does not state any fact upon which a cause of action could arise, nor any fact which, taken in connection with the original complaint, to which it is an amendment, (or of which it is an amendment,) is sufficient to constitute a cause of action."

And also a motion for judgment on the pleadings. These motions were denied. Thereupon the defendant answered as follows:

" And now comes the defendant in the above entitled action, and for a first defense to the plaintiff's amended complaint and the so-called amendment thereto, he denies each and every allegation in said amended complaint and the amendment thereto contained, and takes issue thereon.

" And for a second defense to said amended complaint and

the amendment thereto, the defendant says that it appears in and by said amended complaint and the amendment thereto, that the plaintiff and defendant were agents for two separate principals under contracts to sell the lands of said several principals for cash, and that the said agents conspired and confederated together to force, persuade and by virtue of said conspiracy and confederation, did force and persuade their several principals to enter into an exchange of their lands contrary to their respective contracts with their respective principals.

" That it further appears by said complaint that the commission sued for by the plaintiff in this cause, and the amount which he seeks to recover, is part and portion of a fund which accrued to said agents by reason of said unlawful conspiracy and combination between the plaintiff and defendant; that the agreement between the plaintiff and defendant, as set forth in said complaint and the amendment thereto, is contrary to public policy and to law, and that the plaintiff herein, being a party thereto, cannot in law recover any part or portion thereof from the defendant."

Upon motion of plaintiff the second defense was stricken out. The case coming on for trial, defendant objected to the admission of any evidence, because the complaint did not state facts sufficient to constitute a cause of action, which objection was overruled; and upon the evidence adduced the court found for the plaintiff and assessed his damages at the sum of $1,625, and rendered judgment accordingly. To reverse this judgment the defendant prosecutes this appeal.

Mr. D. V. BURNS, Mr. F. C. GOUDY, Mr. C. M. CAMBPELL and Mr. J. C. HELM, for appellant.

Messrs. LONG, JOHNSON & GIVEN, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

This record presents but one question that we can properly

consider, and one that was fully and fairly presented in the court below by the demurrer, the answer and the objection to the admission of any testimony under the complaint, and that is, whether the complaint states a cause of action : This is to be determined by the validity or invalidity of the agreement as therein stated, upon which appellee predicates his right to recover. In our judgment, this agreement comes clearly within that class of contracts that are inhibited by public policy, and consequently void. By its terms each agent was to share in the commissions paid by both principals. The compensation to be jointly shared was contingent upon the consummation of the trade or sale ; and this would have a tendency to induce them to disregard, if not to sacrifice, the interests of their principals, if necessary to effect that result. The fact that a sale price was fixed by the principals upon their respective properties does not answer this objection. Each was entitled to the benefit of the unbiased judgment of his agent as to the value to be placed upon the other's property, and to a reasonable effort on the part of such agent to obtain a reduction of the value to be allowed therefor in the exchange. Their pecuniary interest might have prevented such disinterested action on the part of these agents ; and it appearing from the allegations of the complaint that they " did effect the trade or sale of the property as between their respective principals," the transaction is as objectionable as those universally condemned, wherein one agent acts for both principals without their knowledge or consent. This objection is not answered by the claim that the evidence as introduced shows a transaction different from that pleaded, that their principals negotiated the trade between themselves, and that in fact plaintiff and defendant acted only as middlemen in bringing Nix and Jones together. Such evidence was not inadmissible merely because variant from the allegations of the complaint, but because of the fundamental vice in the complaint itself in not stating a cause of action susceptible of proof, or one that would justify the admission of any testimony, or uphold any judgment.

The contention of appellee's counsel, that the transaction being completed and money paid the appellant cannot avail himself of the illegality of the contract to retain it, cannot be sustained. The cases relied on as upholding the doctrine that when profits are realized through an illegal transaction and received by one of the joint owners, they cannot be retained by him by reason of the illegality of the transactions through which they are derived, are clearly distinguishable from the case at bar. In this case appellee asserts a claim against appellant founded upon, and recoverable only, through and by virtue of an illegal agreement. It is therefore an action to enforce an illegal executory contract. The well established rule in such case is as expressed in *The Louisville, New Albany and Chicago Railway Co. v. Buck*, 116 Ind. 566 :

"It is quite true that a plaintiff will in no case be permitted to recover when it is necessary for him to prove his own illegal act or contract as a part of his cause of action, or when an essential element of his cause of action is his own violation of law."

Our conclusion on this question renders a notice of the other errors assigned unnecessary. The judgment therefore will be reversed for the reasons above given.

*Reversed.*