## THORNE v. BARTH.

(Supreme Court, Appellate Term. February 5, 1909.)

1. BROKERS (§ 66*)—COMPENSATION—ACTIONS—DEFENSES.

In an action for a commission for securing a loan, it is no defense that plaintiff was bound to divide the commission with another, where the agreement for the commission was made with plaintiff alone, for whether such other is entitled to share it is solely a question between him and plaintiff.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 51; Dec. Dig. § 66.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

The admission, in an action for a commission for securing a loan, of an unsigned application, even if erroneous, was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Richard Van Wyck Thorne against Bernard Barth. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Frankenthaler & Sapinsky, for appellant.
Norman W. Kerngood, for respondent.

GIEGERICH, J. The plaintiff, a broker, seeks to recover a commission of $200 which he claims the defendant agreed to pay him if he would secure a loan of $20,000 upon a house owned by the defendant, situated at No. 609 Sixth avenue, borough of Manhattan, New York City. The pleadings were oral and the answer was a general denial. What the real contract was between the parties and whether the loan was secured through the instrumentality of the plaintiff were the questions disputed upon the trial. The defendant claims the decision of the trial justice in favor of the plaintiff was against the weight of evidence, but we do not agree with him. On the contrary, we are of the opinion that the balance inclined toward the plaintiff. The testimony of the only really disinterested witness, Quackenbush, the man who made the loan, favored the plaintiff's contention.

The defendant also contends that the plaintiff cannot recover upon a promise made to him and another person jointly. That may be true as a general proposition, but the agreement which the plaintiff claimed was made in this case was one with the plaintiff alone. His claim was that the defendant agreed to pay him a commission of 1 per cent. ($200) if he should succeed in securing the loan for him. What the plaintiff was going to do with his commission after he got it, whether he was going to divide it with a third person, is no concern of the defendant. The latter discharges his obligation when he pays the plaintiff. Whether a third person is entitled to half of it then is solely a question between that third person and the plaintiff.

We do not think there was any error in the reception of evidence

which would justify us in reversing. Conceding that the unsigned application was improperly received, we do not think its reception materially prejudiced the defendant.

The judgment should therefore be affirmed, with costs. All concur.