JOHN W. SCOTT v. W. C. KELSO ET AL.

Decided June 4, 1910.

**Broker—Secret Agreement with Opposite Party—Public Policy.**

A secret agreement between real estate brokers representing different principals to divide their commissions in case the transaction is completed is void as against public policy and deprives them of the right to compensation from their principals; and the fact that the principals themselves finally concluded the sale, begun by the brokers, would not affect the case.

Appeal from the District Court of Jones County. Tried below before Hon. C. C. Higgins.

*Brooks & Brooks* and *J. C. Randel,* for appellant.

*Thomas & Chapman,* for appellees.

CONNER, Chief Justice.—Appellant instituted this suit against the appellees to recover commissions for services alleged to have been rendered by him in the sale of certain land situated in Jones County. Appellees owned about thirty-three hundred acres and the sale was finally consummated by them with one George W. Birchfield, the sale in a large part consisting of an exchange of lands. Birchfield in the sale was represented by one, Patterson, as an agent. The jury in obedience to a peremptory instruction by the court returned a verdict for appellees and judgment was entered accordingly.

It was shown that one of the appellees listed their land with appellant for sale and promised the payment of a commission, but we nevertheless conclude that the judgment must be affirmed because of the undisputed proof that, prior to the sale of the lands mentioned, appellant and the said Patterson, the agent of Birchfield, without the knowledge or consent of either of the appellees, agreed between themselves to jointly share in the commissions to be received by the respective agents from their respective principals, and that appellant in fact did so receive one-half of the commissions paid to Patterson by his principal after deducting certain expenses incurred by Patterson in the matter. See 19 Cyc., p. 228; Armstrong v. O'Brien, 83 Texas, 635; Levy v. Spencer, 18 Colo., 532, 33 Pac., 415, 36 Am. St. Rep., 303; Tinsley v. Penniman, 12 Texas Civ. App., 591 (34 S. W., 365).

Appellant insists, however, that he was employed only to find a purchaser and that he did nothing further than this, the principals themselves finally agreeing upon terms and completing the transaction, citing among others the cases of Alvord v. Cook, 54 N. E., 499; Cox v. Haun, 127 Ind., 325; Montross v. Eddy, 94 Mich., 100; Manders v. Craft, 3 Colo. App., 237; Seigel v. Gould, 7 Lans, 177; 19 Cyc., p. 234. These authorities support the well recognized doctrine that a mere middleman who has no right to fix prices or terms and has no authority to negotiate a sale may collect commissions from both parties thereafter completing a sale, but a consideration of the evidence in this case leaves little, if any, room to doubt that appellant's employment was something more than to merely procure a purchaser for appellees' lands. These lands were listed in the usual way with appellant as a land agent for sale at the price of twenty dollars per acre. The evidence is undisputed that appellant hired conveyances, made one or more trips to other counties in the effort to induce a favorable termination of the negotiations, paying expenses, etc., which were entirely inconsistent with the theory that his only interest and power was to bring the principals together. In 19 Cyc., p. 228, above cited, it is said: "A secret agreement between real estate brokers representing different principals to divide their commissions in case the transaction is completed, is void as against public policy and deprives them of their right to compensation." In case of such agreement the fact that the principals themselves finally concluded the sale, agreeing upon terms, etc., does not alter the principle. See Levy v. Spencer, supra. In all cases the principal is entitled to the best

effort and unbiased judgment of his agent, and the law, for reasons founded in public policy, forbids the agent's assumption of a relation which affords temptations antagonistic to his duty. As is said in one of the cases: "As agent for the vendor his duty is to sell at the highest price. As agent for the vendee his duty is to buy at the lowest. And even if the parties bargain for themselves they are entitled to the skill, knowledge and advice of the agent and at the same time to communicate with him without the slightest fear of betrayal, so that it is hardly possible for him to be true to the one without being false to the other." The interest of both appellant and Patterson, as fixed by the terms of their agreement to divide commissions, was necessarily in conflict with the duty of these agents to their several principals, and appellees, being wholly ignorant of the agreement, can not be compelled to pay the compensation sought in this case. Judgment affirmed.

*Affirmed.*