EVANS v. SAN ANTONIO TRACTION CO.
(No. 5259.)

(Court of Civil Appeals of Texas. San Antonio. April 8, 1914. Rehearing Denied May 6, 1914.)

1. APPEAL AND ERROR (§ 356*)—PROCEEDINGS —LIMITATION—EFFECT OF DELAY.

Where a petition for a writ of error was not filed within 12 months from the time final judgment was rendered, as required by Rev. St. 1911, art. 2086, the writ will be dismissed, since the requirement is jurisdictional.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1926, 1927; Dec. Dig. § 356.*]

2. APPEAL AND ERROR (§ 345*)—PROCEEDINGS —LIMITATION—EFFECT OF PENDING MOTION FOR A NEW TRIAL.

Rev. St. 1911, art. 2086, requiring a petition for writ of error to be filed within 12 months from the time final judgment is rendered, means 12 months from the time the judgment was rendered, and not from the time the motion for a new trial was overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1895, 1896; Dec. Dig. § 345.*]

Error to District Court, Bexar County; S. G. Tayloe, Judge.

Action between Lena M. Evans and the San Antonio Traction Company. From a judgment in favor of the traction company, Lena M. Evans brings error. Writ of error dismissed.

Will A. Morriss, T. J. Newton, and Rebel L. Robertson, all of San Antonio, for plaintiff in error.

CARL, J. This cause is brought to this court on writ of error from a judgment rendered on the 14th day of October, 1912. The motion for a new trial was overruled on November 30, 1912, and notice of appeal then given. The petition for writ of error was filed November 29, 1913.

Article 2086 (1389), Revised Statutes of Texas, reads: "The writ of error may, in cases where the same is allowed, be sued out at any time within twelve months after

the final judgment is rendered, and not thereafter."

[1, 2] Where a petition for a writ of error is not filed within 12 months from the time final judgment is rendered, as provided in article 2086 of the Revised Statutes of 1911 (article 1389, Rev. Stats. 1895), the writ will be dismissed, since the condition is jurisdictional. And this article of the statute has been construed to mean 12 months from the time the judgment was rendered, and not from the time the motion for a new trial is overruled. Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871; Carlton v. Ashworth, 45 S. W. 203; Converse v. Trapp, 29 S. W. 415; Uvalde v. Uvalde, 31 S. W. 327; Schleicher v. Runge, 90 Tex. 456, 39 S. W. 279; Milo et al. v. Nuske et al., 95 Tex. 243, 66 S. W. 544.

The writ of error is dismissed.