BURCK v. WYNN. (No. 7975.)

(Court of Civil Appeals of Texas. Ft. Worth. May 16, 1914. Rehearing Denied June 20, 1914.)

1. BROKERS (§ 66*)—COMPENSATION—TAKING COMMISSION FROM BOTH SIDES.

An agreement between H. and B., real estate brokers representing different parties, by which B. was to pay H. a commission on an exchange of lands between their respective principals, negotiated by them, was not unenforceable as contrary to public policy, where H.'s principal was advised of the agreement and made no objection thereto, since H. was under no contract with B.'s principals to represent them and was in no sense their agent and owed them no duty.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 51; Dec. Dig. § 66.*]

2. PRINCIPAL AND AGENT (§ 70*)—ACTING FOR PARTIES ADVERSELY INTERESTED.

An agent will not be allowed to represent two conflicting interests without the knowledge and consent of both parties.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 146; Dec. Dig. § 70.*]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by I. N. Wynn against R. H. Burck. From a judgment for plaintiff, defendant appeals. Affirmed.

V. L. Shurtleff, of Hillsboro, for appellant. W. H. Penix, of Mineral Wells, for appellee.

DUNKLIN, J. J. R. Hill, a real estate broker residing in Mineral Wells, was employed by Sidney Webb to negotiate the sale of certain property belonging to Webb. R. H. Burck, likewise a real estate agent residing at Whitney, was employed by the Smith heirs to sell certain property belonging to them. Negotiations between these two agents resulted in an exchange of properties of their respective clients, Webb paying a difference

of $125,000. After the consummation of the trade, Hill claimed that Burck owed him $1,562.50 out of the commission received by Burck from his clients. This demand was based upon an allegation of an agreement between the two agents prior to the consummation of the trade, by the terms of which agreement Burck obligated himself to pay to Hill a commission of 1¼ per cent. on the $125,000 paid by Webb. J. R. Hill assigned the claim so made to I. N. Wynn, who instituted this suit against Burck, as the principal debtor, and Hill, as guarantor, to recover the amount of said claim, and, from a judgment in favor of the plaintiff against the two defendants, Burck has appealed.

[1, 2] The single question presented by different assignments of error is that, if the contract alleged as a basis for the demand was in fact made, then the same was contrary to public policy and is not enforceable, in that according to its terms Hill bound himself to represent both parties to the trade without disclosing to them that fact.

No evidence appears in the record tending to show that Burck's clients were ever informed of the agreement between the two agents that Hill was to receive a part of Burck's commissions; but Hill testified, and his evidence was not controverted, that he informed his client, Webb, before the consummation of the trade and pending negotiations therefor, that Burck had agreed to pay him 1¼ per cent. commission on the $125,000 which Webb was to pay as a difference in the exchange, and that Webb closed the trade without making any objections to a participation by Hill in Burck's commissions. It is a familiar rule that an agent will not be allowed to represent two conflicting interests without the knowledge and consent of both parties. Hill was employed by Webb, and of course owed to him the duty to represent him in good faith, and could not without Webb's consent receive any compensation from the other parties to the trade. But he was under no contract with Burck's clients to represent them and was in no sense their agent. He had no authority to bind them by any agreement or contract whatsoever, he owed them no duty, and they owed him no commissions for negotiating the trade. Cook v. Piatt, 126 Mo. App. 553, 104 S. W. 1131; Bass v. Tolbert, 51 Tex. Civ. App. 437, 112 S. W. 1077; Hunter v. Lyons, 144 S. W. 353. His employment to assist Burck in the negotiations for the exchange was by Burck alone, who was his principal in that employment. As his two principals, Burck and Webb, both knew of the agreement between Burck and Hill whereby Burck was to pay to Hill a commission of 1¼ per cent. on the $125,000, the rule invoked by appellant was not violated.

The judgment is affirmed.

SPEER, J., not sitting.