KEITT v. GRESHAM et al. (No. 8105.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 20, 1915.)

1. APPEAL AND ERROR ⬤═732—ASSIGNMENT—SPECIFICATIONS.

An assignment of error that "the court erred in overruling defendant's motion for a rehearing" was too general to be considered, unless the record disclosed fundamental error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. ⬤═732.]

2. CONTRACTS ⬤═50—"CONSIDERATION."

A valid "consideration" is some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 222; Dec. Dig. ⬤═50.

For other definitions, see Words and Phrases, First and Second Series, Consideration.]

3. BROKERS ⬤═67—AGENCY FOR BOTH PARTIES.

Where a real estate agent was employed by one to sell land, and, without knowledge of the vendor, a prospective purchaser contracted to pay him $500, if the deal did not go through on account of any action of such purchaser, such contract was against public policy, and there could be no recovery by the agent in suit on it against such purchaser.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52–54; Dec. Dig. ⬤═67.]

4. BROKERS ⬤═67—AGENCY FOR BOTH PARTIES—CONSIDERATION.

Where a real estate agent, under contract to sell land for another, contracted with a prospective purchaser that if such purchaser failed to consummate the transaction he should pay to the agent $500 for his services, such contract was a nullity as not supported by any consideration, since whatever detriment was called for from the agent under it, such as his services in completing the sale, he was already under legal duty to perform, by virtue of his contract with the vendor of the land.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52–54; Dec. Dig. ⬤═67.]

Appeal from District Court, Somervell County; W. J. Oxford, Judge.

Action by L. O. Gresham and another

against W. E. Keitt. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Levi Herring and John A. Herring, both of Glen Rose, for appellant. John J. Hiner, of Ft. Worth, and C. D. Spann, of Glen Rose, for appellees.

BUCK, J. Appellees sued appellant in the district court of Somervell county for $500, alleging that one I. C. Cheek owned a valuable tract of land in Somervell county, and that plaintiffs were real estate dealers, not as partners but individually, and that prior to September 20, 1913, plaintiff Bert Lacy entered into a contract with said Cheek, whereby said Cheek agreed to pay to Lacy the sum of $500 if he should find a purchaser for the land aforesaid and upon terms to be agreed upon; said $500 to be due and payable only in the event the trade was closed with any such purchaser that might be secured by the said Lacy; that after making the said contract with Cheek, said Lacy agreed with his coplaintiff, Gresham, to divide the $500 with him upon condition that the said Gresham would assist said Lacy to find a purchaser for said land; that prior to September 20, 1913, the said Gresham met the defendant, appellant in this court, and offered to sell the above-described tract of land to him for $16,000, and upon terms to be agreed upon between the said Keitt and the said Cheek; that said plaintiffs informed the said Keitt at the time they offered said land for sale to him that they had an agreement and contract with the owner of said land whereby the latter was to pay to them the sum of $500 in the event they procured a sale, but that they were not to receive any pay for their services from the said Cheek unless the deal was closed, and that it would be necessary for the said Keitt to agree with him, the said Gresham, before proceeding with negotiations, to pay to him the sum of $500 in the event he, the said Keitt, failed to take said land, if he and the said Cheek could and should agree on the price and terms for same; that thereupon the said Keitt did agree with the said Gresham that, in the event he, Keitt, failed or refused to take said land at the price and on the terms to be agreed upon by and between him and the said Cheek, he, said Keitt, would thereupon pay the said Gresham the sum of $500. Plaintiffs further alleged that on September 20, 1913, the said Cheek and said Keitt did agree upon a sale and purchase of said property, upon certain terms set out in their petition, and that thereafter said Keitt defaulted and failed to comply with the terms of his said contract with Cheek, and declined to carry out and fulfill the terms thereof; that said Cheek did fulfill and comply with all of the terms of the contract between him and said Keitt, even to the execution of a warranty deed by said Cheek and his wife, and that the failure to complete said trade was in no wise due to any act or omission of said Cheek, but wholly to the failure of said Keitt to carry out the terms of his agreement, and that the plaintiffs, as well as said Cheek, did all they had agreed to do with reference to said lands and the title thereto. Wherefore said Keitt became indebted to the plaintiffs in said sum of $500. It might be stated, further, that the failure to consummate the deal seems to have been due, in part at least, to a misunderstanding, between appellant on one side and plaintiffs and Cheek on the other, as to whether or not an abstract of title should be furnished by Cheek, and also as to whether an artesian well should be sunk on the said premises and a flow secured before said trade was completed. It was contended by appellant that one of the plaintiffs had agreed with him that a flowing well should be sunk on said premises before said deal was closed, and that an abstract of title was to be furnished by Mr. Cheek. One of the plaintiffs, Mr. Lacy, stated that he had said that he would "guarantee" a flowing well on said premises, and that he would agree that if Mr. Keitt would sink a well and did not secure a flow, he would pay for it, but that if he did secure a flow, Keitt was to pay for it. Mr. Cheek denied that he was to furnish an abstract, but stated that Keitt had accepted the title as being good because a loan company had made a loan on the land. This case was tried by the court without the intervention of a jury, and a judgment rendered for appellees for the amount sued for and interest, from which judgment this appeal is taken.

[1] Appellant has but one assignment of error, to wit, "The court erred in overruling defendant's motion for a rehearing." This assignment is too general to be considered by us, as it goes to the entire record and does not point out in what respect the court erred in overruling defendant's motion for new trial; unless it can be held that fundamental error exists, and that such error is patent, it will be our duty to affirm the judgment rendered by the trial court.

[2-4] The question, and the only one, presented to us for determination is, Was there a sufficient consideration moving to Keitt to support the contract and agreement alleged? As to all other matters in dispute the court, who tried the case and heard the witnesses testify, has decided in favor of the appellees, and the action of the trial court is binding upon this court.

A valuable consideration is generally defined as "some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by the other." Elliott on Contracts, vol. 1, p. 337, and authorities there cited. Can there be said to have existed any right, interest, profit or benefit accruing to appellant, or any forbearance, detriment, loss, or responsibility suffered or

undertaken by appellees, which will support the enforcement of this alleged agreement on the part of a prospective purchaser to pay the real estate agents a sum of money as commission, or, in lieu of commission, in case the said prospective purchaser should fail or refuse to fulfill the terms of an agreement yet to be made with the owner of the land sought to be sold? So far as the pleadings disclose, the land was for sale on the open market, and no superior rights were secured by appellant over any other would-be purchaser. It is true that the agents, the plaintiffs in the suit below, were put to some expense and trouble in showing the appellant the land and in seeking to complete the terms of the trade between him and the owner of the land, but this duty they were under obligation to perform by virtue of their contract of agency with the owner and not by virtue of relation of agent and principal between them and the appellant. In fact they could not represent both parties to the trade as agents, unless it was specifically agreed to by the prospective purchaser and the owner that they should represent both parties, and there is nothing in the pleadings to sustain the conclusion that there was such an agreement between the buyer and the owner. In the absence of such agreement, it would be against public policy for them to represent both parties and to collect a commission or compensation from both parties for such service. Tinsley v. Penniman, 12 Tex. Civ. App. 591, 34 S. W. 365; Armstrong v. O'Brien, 83 Tex. 648, 19 S. W. 268; Mechem on Agency, §§ 67, 598, 643, 644; Lynch v. Fallon, 11 R. I. 311, 23 Am. Rep. 458.

In Armstrong v. O'Brien, supra, Judge Garrett, in an able opinion, says:

"It is well settled that a person cannot act in the capacity of agent for both the buyer and seller, and receive commissions from both; and from principles of public policy such an agent would not be allowed to recover compensation from either party, unless he should so act with the full knowledge and consent of both principals, and about this exception there is a conflict of authority. It makes no difference that the principal was not in fact injured, or that the agent intended no wrong, or that the other party acted in good faith."

In Lynch v. Fallon, supra, the Supreme Court of Rhode Island, says:

"As agent for the vendor, his duty is to sell at the highest price; as agent for the vendee, his duty is to buy for the lowest; and even if the parties bargain for themselves, they are entitled to the * * * skill, knowledge, and advice of the agent, and, at the same time, to communicate with him without the slightest fear of betrayal; so that it is hardly possible for him to be true to the one without being false to the other."

In Everhart v. Searle, 71 Pa. 256, the defendant, knowing the plaintiff had the property for sale, agreed to pay him $500 for assisting him to negotiate the purchase of it, and it was held that the plaintiff could not recover on the contract. "The transaction," says the court, "is to be regarded as against the policy of the law, and not binding upon a party who has a right to object to it."

Everything that was done by the appellees in this case was in the furtherance of the obligation devolving upon them as agents of the owner of the land. In James v. Fulcrod, 5 Tex. 519, 55 Am. Dec. 743, Chief Justice Hemphill, in discussing the question of consideration, says:

"The question, presented on the third special ground of demurrer, is whether the contract is supported by sufficient consideration. This point will be examined, but very briefly. A consideration may be defined to be something that is given in exchange, something that is mutual, or something which is the inducement to the contract; and it must be a thing which is lawful and competent in value, to sustain the assumption. A valuable consideration is either a benefit to the party promising, or some trouble or prejudice to the party to whom the promise is made. A mutual promise amounts to a sufficient consideration, provided the mutual promises be concurrent in point of time."

It cannot be reasonably contended that, had the appellant failed or refused to make said alleged promise to the appellees to pay the $500 mentioned, but had still signified a desire to investigate the property offered for sale, and in case the same should prove satisfactory and agreeable terms might be had that he would purchase the same, the agents would have refused to show appellant the property or to sell the same to him. Therefore we conclude that the alleged agreement between appellant and appellees was devoid of lawful consideration and was nudum pactum, and cannot be enforced, and that the judgment of the trial court awarding a recovery in behalf of appellees is without sufficient legal basis to sustain it. We, therefore, conclude that the error discussed is fundamental and apparent of record, and that although the assignment is not sufficiently full and definite to require our consideration thereof, yet it does call our attention to the error, and accordingly the judgment is reversed, and the cause remanded.