KNIGHT REALTY CO. et al. v. WILLIAMS.
(No. 8516.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 10, 1917.)

1. BROKERS ⚙➨84(1) — ACTION FOR COMMISSIONS—EVIDENCE—BURDEN OF PROOF.

In a broker's suit for commissions on exchange of land in which defendant admitted the material allegations, and interveners claimed a portion of the commissions for broker's service in the transaction, and there were no material issues between plaintiff and defendant, the interveners had the burden of proof to establish by a preponderance of the evidence their allegations that there was a universal custom where more than two brokers are interested to pool commissions, and that they had such agreement with plaintiff.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 104.]

**2. TRIAL ⊚⇒25(4) — RIGHT TO OPEN AND CLOSE—INTERVENERS.**

The interveners were entitled to the benefit of the statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 1953), providing that after the evidence is concluded, the parties may submit the case to the jury in argument, and the party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument, and where there are several other parties having separate claims or defenses, and represented by different counsel, the court shall prescribe the order of argument between them, and refusal to allow them the right to open and close was reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 47, 60–75.]

**3. TRIAL ⊚⇒25(4) — RIGHT TO OPEN AND CLOSE.**

The fact that defendant had paid the money into court and asked his costs did not deprive the interveners of their right to open and close under the statute, as having the burden of proof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 47, 60–75.]

Appeal from Wise County Court; J. W. Walker, Judge.

Suit by I. R. Williams against C. R. Hoge, in which the Knight Realty Company and A. L. Lane intervened. Judgment for plaintiff against interveners and defendant, and interveners appeal. Reversed and remanded.

McMurray & Gettys, of Decatur, and Fitzgerald & Cox, of Wichita Falls, for appellants. Ratliff & Spencer, of Decatur, and Hunter & Penry, of Ft. Worth, for appellee.

CONNER, C. J. I. R. Williams instituted this suit in the county court of Wise county on the 4th day of August, 1915, against G. R. Hoge, to recover $720 alleged to be due the plaintiff as commissions on an exchange of property between said G. R. Hoge and one G. W. Riley. The Hoge property was located near Rhome, in Wise county, and Riley's property was located in Wichita Falls, Wichita county. Hoge filed an answer admitting the material allegations of the plaintiff's petition, and tendered into court the sum of $720.

The Knight Realty Company of Wichita Falls, a real estate firm, and A. L. Lane, a real estate agent, also of Wichita Falls, filed pleas of intervention, wherein it was alleged, in substance, that the interveners were the procuring cause of the exchange upon which Williams based his claim for commissions; that they had acted together with said Williams in bringing the respective owners together; and that prior to the exchange it had been agreed on the part of Williams that the commissions paid and to be paid by the respective owners of the property should be pooled and equally divided among the real estate firm and parties named. It was further alleged by the interveners that it was a universal custom among real estate men, under circumstances such as alleged, to so pool and so divide commissions.

The plaintiff Williams answered denying the agreement and custom set up by the interveners, and the trial resulted in his favor against Hoge for the full amount of the commissions and against the claims of the interveners, and the interveners have appealed.

[1, 2] After the introduction of the evidence and after the court had charged the jury, interveners in open court requested the privilege of being allowed to open and close the argument in the case. This request was refused, exception duly taken, and error is now assigned to said action of the court. We think the assignment must be sustained. The evidence very sharply conflicted upon the issue of the agreement to pool and divide commissions, and upon the issue of a custom of like effect, both of which issues were specially and separately submitted, and both of which were answered by the jury in appellee Williams' favor, and as to which the court charged as follows:

"The burden of proof is upon the interveners to show by a preponderance of the testimony that there was a universal custom existing in this section where more than two real estate brokers are interested, to pool their commissions; and if they failed to discharge that burden you will answer special issue No. 1 in the negative."

"The burden of proof is upon the interveners to show by a preponderance of the testimony that plaintiff agreed with them to pool his commissions with theirs, and if they have failed to discharge this burden you will answer special issue No. 2 in the negative."

We have a statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 1953) relating to the subject reading as follows:

"After the evidence is concluded, the parties may submit the case to the jury in argument; the party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument; where there are several other parties having separate claims or defenses, and represented by different counsel, the court shall prescribe the order of argument between them."

It seems quite clear to us that the interveners were entitled to the benefit of this statute. There was no denial on the part of interveners of appellee's agency for Hoge, or of his agreement with Hoge as such agent for commissions. There was no denial of Williams' allegations, to the effect that he was entitled under the terms of such agreement with Hoge, his principal, to recover from Hoge the full sum sued for, nor did the principal, Hoge, deny this fact. As between Williams and Hoge no material fact was in issue. The material issues were only those affirmatively presented in the pleadings of the interveners, and the court very properly placed the burden upon them to establish by a preponderance of the evidence the truth of those allegations. Under such circumstances we see no reason why the article of the statute quoted should not apply. The privilege is a valuable one, and its advantage in the present case seems to have been em-

---

phasized by the fact that interveners were attempting to establish their claims in the county of Williams' residence and before a court and jury to whom the interveners were strangers, and who, therefore, were in a situation to listen favorably to Williams. A denial of the privilege under such circumstances has frequently been held to constitute reversible error. Hillboldt v. Waugh, 47 S. W. 829; Meade v. Logan, 110 S. W. 188; Fain et al. v. Nelms et al., 113 S. W. 1002; Byrd Irr. Co. v. Smyth, 157 S. W. 260; Cunningham v. M. W. & B. G. Daves, 141 S. W. 808; J. W. Carter Music Co. v. Bailey, 179 S. W. 547.

[3] Appellee, through his able counsel, insists that, because of the fact that Hoge in tendering into court the amount of commissions involved prayed for the recovery of his costs, the plaintiff Williams, under the pleadings, still had resting upon him a burden of proof to relieve himself from such costs, and that hence interveners were not within the statute quoted. It is also further insisted that the benefits of the statute can be invoked by a defendant only, and that at most it was within the discretion of the court to allow or refuse interveners the privilege. But we have felt unable to concur in these contentions. It is true the defendant Hoge prayed for the recovery of costs. He, however, had not sought to interplead the interveners; he admitted every material allegation of appellee's petition; he did not allege that he had tendered the amount of commissions prior to the institution of the suit, nor set up an equity of any kind. Under such circumstances we know of no rule, and no rule or decision has been cited, that would entitle Hoge to his costs, and while under some circumstances it might be within the discretion of the court, as illustrated by some of the decisions, to deny a party upon whom the burden of proof apparently rests the right to open and close, we think the case before us is distinguishable from such cases. Here the right seems clear, and that a denial of the right was of probable injury also seems clear, and the further contention that the statute was intended for the benefit of defendants only and not for interveners cannot be maintained. While it is well settled that an intervener must take the case as he finds it, and cannot object to the reading of depositions previously taken on the ground that he had no opportunity to cross-examine, and that all previous orders and rulings are as binding on him as if he had been before the court when they were made, yet, says Mr. Townes in his work on Pleading, page 295, that:

"After a proper intervention, the rights of the intervener cannot be destroyed by a dismissal of his case by the plaintiff or by a settlement between the plaintiff and defendant. Of course the intervener cannot prevent such action by the parties, but he can insist upon a trial and hearing of all issues presented by him as the basis of affirmative relief, just as any other plaintiff, or a defendant presenting a cross-action might."

In the following paragraph on page 296, he further says:

"The position of the intervener in the suit is determined by the court in accordance with the particular facts. If he is an actor seeking to enforce rights and to obtain affirmative relief, he will be a plaintiff and subject to all the rules of practice governing plaintiffs. * * * Each case is to be determined by its own facts. It is not material by what name the intervener is designated; so far as he sets up rights in himself and seeks affirmative relief, the courts will apply to him the rules governing plaintiffs; so far as he simply resists the alleged rights of others, he will be governed by rules applicable to defendants."

In Sayles' Justice Practice (5th Ed.) p. 624, § 707, it is said:

"While the right to intervene in a proper case will not be denied, the intervener must assert his rights promptly. He will not be permitted to retard the principal suit; neither can he except to mere formal defects or irregularities not going to the merits or foundation of the action. He cannot change the nature of the suit or require the introduction of a new party. If, however, the intervener is a necessary party defendant, or if the court could have ordered him to be made defendant upon the suggestion of either party, or if he has been made defendant upon the application of the original defendant, he is entitled to all the privileges peculiar to defendants."

We concur in the views expressed by these authors, and on the whole case conclude that the court erred as assigned.

Appellants present a number of other assignments going to the sufficiency of the evidence to sustain the verdict and judgment, etc., all of which, in view of the conclusions noted, are immaterial on the present appeal and which we need not, therefore, consider. For the error discussed, however, it is ordered that the judgment be reversed, and the cause remanded for a new trial.

Reversed and remanded.