### WILLIAMS v. KNIGHT REALTY CO. et al.
#### (No. 9135.)

(Court of Civil Appeals of Texas. Ft. Worth. June 21, 1919. On Motion for Rehearing, Oct. 25, 1919. On Second Motion for Rehearing, Dec. 20, 1919.)

1. **APPEAL AND ERROR** ⬉347(1)—**TIME FOR SUING OUT WRIT OF ERROR COMMENCES WITH DATE OF JUDGMENT.**

In estimating the time of 12 months under Vernon's Sayles' Ann. Civ. St. 1914, art. 2086, within which writ of error should be sued out, the period should commence with the date of judgment, and not with the date of overruling of motion for new trial.

#### On Motion for Rehearing.

2. **APPEAL AND ERROR** ⬉648—**MOTION TO CORRECT RECORD TO SHOW TRUE DATE OF JUDGMENT SHOULD BE FILED IN TRIAL COURT.**

If plaintiff in error had desired to correct the record so as to make it show the true date of judgment in order to avoid dismissal of his appeal on the ground that his petition for writ of error was filed late, he should have filed his motion to correct the record in the trial court.

3. **APPEAL AND ERROR** ⬉23—**COURTS OF CIVIL APPEALS MAY ASCERTAIN FACTS NOT OF RECORD NECESSARY TO EXERCISE OF JURISDICTION.**

While under Vernon's Sayles' Ann. Civ. St. 1914, art. 1593, Courts of Civil Appeals have

power on affidavit or otherwise as thought proper to ascertain such matters of fact as may be necessary to proper exercise of their jurisdiction, the power is restricted to matters not appearing of record, and does not admit of facts contradicting the record.

**4. APPEAL AND ERROR ☞833(1)—DENIAL OF REHEARING ON DISMISSAL OF APPEAL FOR LATE FILING OF PETITION FOR WRIT OF ERROR.**

Where the Court of Civil Appeals dismissed for want of jurisdiction because petition for writ of error had been filed more than 12 months after date of judgment, and appellant moved for rehearing on the ground that judgment had in fact been rendered later than was suggested of record, but did not request that the court hear any evidence on the point, and did not tender any evidence by affidavit, sworn plea, or sworn testimony, the motion for rehearing will be overruled, otherwise where affidavits of counsel, the county clerk, and trial judge make showing of the later rendition of judgment.

### On Second Motion for Rehearing.

**5. BROKERS ☞66—SECRET AGREEMENT TO POOL COMMISSIONS IS VOID.**

A secret agreement between realty brokers representing different principals to pool or divide commissions if the transaction is completed is void as against public policy, and deprives them of right to compensation unless the principals know of the agreement and acquiesce, a rule applying though the principals themselves finally conclude the sale on agreed terms.

**6. BROKERS ☞66—BROKER WHO AGREED TO POOL COMMISSIONS CAN INVOKE RULE AVOIDING CONTRACT AS AGAINST OTHER BROKER.**

A realty broker, party to a contract to pool commissions with others void as against public policy, *held* not precluded from invoking the rule avoiding such contract as against the claim of another broker, who represented the other principal, for his share of the commission.

**7. BROKERS ☞66—PARTY BRINGING BROKERS TOGETHER ENTITLED TO COMMISSION DESPITE INVALIDITY OF AGREEMENT TO POOL COMMISSIONS.**

A realty company, which acted as mere middleman in bringing together two realty brokers who effected a sale, is entitled to the one-third of the two commissions received by the brokers agreed by them to be paid it for assistance rendered in consummating the sale, though on account of lack of knowledge of their principals the agreement of the brokers to pool commissions was invalid as against public policy.

**8. BROKERS ☞66—CAN COLLECT COMMISSION IF IT IS POSSIBLE WITHOUT SHOWING VIOLATION OF RULE AGAINST SECRET POOLING.**

Though an agreement is made by brokers representing two principals to pool or divide commission, and without the knowledge of the principals, yet a broker may enforce collection of the commission agreed to be paid by his principal if to do so it is not necessary for him to plead and prove violation of the rule against secret sharing or pooling of commissions.

**9. BROKERS ☞66—AGREEMENT TO PAY OTHER BROKER COMMISSION NOT ILLEGAL SHARING OF COMMISSIONS IN CASE OF KNOWLEDGE OF PRINCIPAL.**

An agreement by a broker representing one of the principals to an exchange of land to pay the broker representing the other principal a commission is not unenforceable, under the rule against secret pooling of commissions by realty brokers, where the principal of the broker who was to receive the commission knew of the agreement.

**10. BROKERS ☞66—BASIS OF RULE AGAINST SECRET SHARING OF COMMISSIONS.**

The rule prohibiting the secret sharing or pooling of commissions by realty brokers applies, though there is no actual injury to the principals, the rule not being remedial of actual wrong, but preventive of its possibility.

Appeal from Wise County Court; J. W. Walker, Judge.

Suit by I. R. Williams against R. G. Hoge, in which the Knight Realty Company and A. L. Lane intervened. From judgment in favor of the interveners, plaintiff appeals. Judgment in favor of the intervening company affirmed; judgment in favor of the individual intervener reversed and rendered in favor of plaintiff.

S. D. Williams, of Wynnewood, Okl., Ratliff & Spencer, of Decatur, and Sam J. Hunter, of Ft. Worth, for appellant.

McMurray & Gettys, of Decatur, for appellees.

BUCK, J. [1] This is the second appeal of this case, the opinion on the first appeal being found in 193 S. W. 168. Upon this appeal we are confronted with a question as to our jurisdiction. The judgment in the trial court was rendered October 18, 1917, the judgment overruling the motion for new trial was rendered December 31, 1917. The petition for writ of error was filed in the court below December 16, 1918, the bond being filed the same day. We conclude that the petition for writ of error came too late. In estimating the time, 12 months, within which the writ of error should be sued out, the period should commence with the date of the judgment, and not with the date of the overruling of the motion for new trial. Vernon's Sayles' Civil Statutes, art. 2086; Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871; Evans v. San Antonio Traction Co., 166 S. W. 408; Kolp v. Shrader, 168 S. W. 464; Ry. Co. v. Stapp, 171 S. W. 1080.

It therefore becomes our duty to dismiss the appeal for want of jurisdiction; and it is so ordered.

### On Motion for Rehearing.

[2] Plaintiff in error files a motion for rehearing, alleging that we were in error in

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dismissing the appeal for want of jurisdiction. He says that the date of the judgment as given in the record is an error. That October 18, 1917, given in the record as the date of the judgment, was in fact the date of the trial. That judgment was not entered until October 31st. He admits:

"There is nothing in the record to show when that judgment was rendered, except at the head thereof when it came on to be tried."

He urges that, as the transcript does show that the plaintiff below, plaintiff in error here, filed his motion for judgment on December 28, 1917, and that interveners filed their motion for judgment on December 8, and as the record further shows that plaintiff filed his motion for new trial on December 28, and that the court's judgment and order overruling plaintiff's motion for judgment appears of date December 31, this court must know that the date of the judgment as it appears in the record is an error. The contention of plaintiff in error that the record tends to show that the date of judgment is erroneous, and that this court ought to entertain jurisdiction of the appeal, would come with more force in his petition for writ of error, filed December 16, 1918, did it not recite that the judgment from which the writ of error was prosecuted was rendered October 18, 1917. Moreover, defendants in error, in their brief, object to the consideration of the appeal, for lack of jurisdiction, and state that the judgment was rendered on October 18, 1917, and that the petition for writ of error and the writ of error bond were filed December 16, 1918, more than 12 months later. If the plaintiff in error desired to correct the record so as to make it show what is claimed to be the true date of the judgment, he should have filed his motion to that end in the trial court.

[3, 4] In the state of the record and in face of the objection by the defendants in error urged, we do not feel justified, merely upon an unverified motion for rehearing, to grant a rehearing and entertain jurisdiction. While under article 1593, V. S. Civ. Stats., Courts of Civil Appeals have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction, yet it seems that this power is restricted to matters not appearing of record, and does not admit of facts contradicting the record. Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946; Gibson v. Sewing Mach. Co., 145 S. W. 633; Seiter v. Marschall, 105 Tex. 205, 147 S. W. 226; Dixon v. Lynn (Sup.) 154 S. W. 656. No request is made by plaintiff in error that this court hear evidence, nor is any evidence by affidavit, sworn plea, or sworn testimony tendered. Under such circumstances, we conclude that the motion for rehearing should be overruled; and it is so ordered. Davis v.

McGehee, 24 Tex. 210, cited in Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 660, and in W. U. Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945.

## On Second Motion for Rehearing.

Plaintiff in error has filed his motion for leave to file his second motion for rehearing. Accompanying said motion for leave is a second motion for rehearing, to which are attached affidavits from one of appellant's counsel, the county clerk, and the trial judge, to the effect that the judgment below was not in fact entered until the last day of the term of court, to wit, December 31, 1917, and that the recitation in the judgment, as shown in the record, that judgment was entered October 18, 1917, is erroneous. In view of the facts disclosed by the record that plaintiff in error filed his motion for judgment December 28th, and the interveners filed their motion for judgment December 8, 1917, we have concluded that the conflict as to dates presents such an ambiguity as justifies the hearing of evidence or the consideration of affidavits touching this matter of jurisdicton. Therefore we grant plantiff in error's motion for leave to file his second motion for rehearing, and, upon consideration of said last-named motion, grant the motion for rehearing and entertain jurisdiction of this appeal so that we may consider the same upon its merits.

As shown in the statement of the case on the first appeal, reported in 193 S. W. 168, to which reference is made for a fuller statement of the facts, this is a suit instituted by plaintiff, I. R. Williams, in the county court of Wise county against R. G. Hoge, to recover $720 alleged to be due the plaintiff as commission on an exchange of property between said Hoge and one G. W. Riley. Hoge filed an answer, admitting the material allegations of the plaintiff's petition, and tendered into court the sum of $720. The Knight Realty Company (a firm composed of C. C. Knight and G. R. Wood) and A. L. Lane, a real estate agent, intervened, alleging that interveners were the procuring cause of the exchange upon which Williams based his claim for commission; that they had acted together with said Williams in bringing the respective owners together; and that prior to the exchange of property it had been agreed on the part of Williams that the commission paid and to be paid by the respective owners of the property should be pooled and equally divided among the three parties or firms mentioned. It was further alleged by the interveners that it was the universal custom among real estate men, under circumstances such as alleged, to so pool and so divide their commissions. The plaintiff Williams denied the agreement and custom set up by the interveners and the trial resulted in favor of each of the interveners as against Williams for

$233.33 of the $720, allowance being made for the $100 paid by Riley as commission, of which amount Williams had received no part. Williams has appealed by writ of error.

The cause was submitted on special issues, and the jury found in answer thereto:

(1) That at and prior to the exchange of properties mentioned there was a universal custom existing in that section of the country among real estate brokers, where more than two brokers were interested representing the parties engaged in negotiating a deal, for the brokers to pool their respective commissions and divide the same between themselves equally.

(2) That plaintiff agreed, either expressly or impliedly, with interveners to pool his commission with theirs and divide the same equally among the three agents or agencies involved.

(3) That plaintiff knew that intervener Lane was not an agent or representative of the Knight Realty Company.

(4) That the defendant R. G. Hoge did not know that interveners were to receive any part of the commission he agreed to pay plaintiff, nor did he know of any custom existing among real estate brokers that under the circumstances shown they were to divide equally among them the commissions.

(5) That I. R. Williams, at the time the transfer of property between Hoge and Riley was made, knew that three real estate men or firms were interested in making the exchange.

[5] Plaintiff in error assigns error to the refusal of the court to grant his motion to enter judgment in his favor for the entire amount of the commission, claimed of and paid by defendant R. G. Hoge, said motion being based on the jury's answer to the effect that Hoge did not know of any agreement on the part of the brokers to pool or divide their commissions, and did not know of any custom to that effect. The second specification assigns error to the action of the court in rendering judgment for the interveners, and we will discuss the two together. It is a familiar rule that a secret agreement between real estate brokers, representing different principals, to pool or divide their commission in case the transaction is completed, is void as against public policy, and deprives them of their right to compensation unless the principals know of the agreement and acquiesce therein. This rule applies although the principals themselves finally conclude the sale on the terms agreed upon. 9 Corpus Juris, 571; Levy v. Spencer, 18 Colo. 532, 33 Pac. 415, 36 Am. St. Rep. 303; Scott v. Kelso, 62 Tex. Civ. App. 163, 130 S. W. 610; Keitt v. Gresham, 174 S. W. 884; Yoakum v. Gossett, 200 S. W. 582. In Levy v. Spencer, supra, the Supreme Court of Colorado said:

"This record presents but one question that we can properly consider, and one that was fully and fairly presented in the court below by the demurrer, the answer, and the objection to the admission of any testimony under the complaint, and that is whether the complaint states a cause of action. This is to be determined by the validity or invalidity of the agreement, as therein stated, upon which appellee predicates his right to recover. In our judgment, this agreement comes clearly within that class of contracts that is inhibited by public policy, and consequently void. By its terms each agent was to share in the commission paid by both principals. The compensation to be jointly shared was contingent upon the consummation of the trade or sale, and this would have a tendency to induce them to disregard, if not to sacrifice, the interests of their principals, if necessary to effect that result. The fact that a sale price was fixed by the principals upon their respective properties does not answer this objection. Each was entitled to the benefit of the unbiased judgment of his agent as to the value to be placed upon the other's property, and to a reasonable effort on the part of such agent to obtain a reduction of the value to be allowed therefor in the exchange."

In Scott v. Kelso, supra, this court, in an opinion by Chief Justice Conner, said:

"It was shown that one of the appellees listed their land with appellant for sale, and promised the payment of a commission; but we nevertheless conclude that the judgment must be affirmed, because of the undisputed proof that prior to the sale of the lands mentioned appellant and the said Patterson, the agent of Birchfield, without the knowledge or consent of either of the appellees, agreed between themselves to jointly share in the commissions to be received by the respective agents from their respective principals."

Defendants in error concede the existence of the rule above mentioned, but urge that it does not apply in this case, because neither of the principals is seeking to invoke it, and the rule is for the benefit of the principal, and not for the benefit of one of the agents who may seek to avoid the force of the rule. The facts show that Riley had paid, without question, the commission (only $100) agreed to by him and his agent, intervener Lane, and that Hoge had tendered into court the commission claimed from him. Indeed interveners recognized the existence and force of said rule, in that both of them pleaded that both Hoge and Riley were advised of the contract and agreement of the brokers to pool their commission. The evidence fails to show that Riley knew of such agreement, and it shows affirmatively, and the jury found, that Hoge did not. In Armstrong v. O'Brien, 83 Tex. 635, 19 S. W. 268, it is said:

"It is well settled that a person cannot act in the capacity of agent for both the buyer and seller, and receive commission from both; and from principles of public policy such an agent would not be allowed to recover compensation from either party, unless he should so act with the full knowledge and consent of both principals; and about this exception there is a con-

flict of authority. It makes no difference that the principal was not in fact injured, or that the agent intended no wrong, or that the other party acted in good faith."

[6] In Everhart v. Searle, 71 Pa. 256, the defendant, knowing that the plaintiff had certain property for sale, agreed to pay him $500 for assisting him to negotiate the purchase of it, and it was held that the plaintiff could not recover on the contract. "The transaction," says the court, "is to be regarded as against the policy of the law, and not binding upon a party who has a right to object to it." In that case, the party in whose favor the court held the rule could be invoked was one who, knowing of the employment of the agent to sell the land, sought to employ the same agent to enable him to purchase the land. In the instant case, a judgment is sought, in effect, against plaintiff in error for a part of the commission to which he was entitled under his contract of employment with defendant Hoge; therefore plaintiff in error, though he may have been a party to this contract against public policy, was not precluded from invoking it as against the claim of the intervener Lane who the evidence shows represented Riley, the other principal. Hence we conclude that the court erred in rendering judgment against plaintiff and in favor of intervener Lane for any part of the $720 tendered into court by Hoge.

[7] As to intervener, the Knight Realty Company, the evidence discloses that said company did not have listed the Riley property, but that, seeing the advertisement of plaintiff Williams in the Wichita Falls paper of the Hoge farm for sale or exchange, and knowing that intervener Lane had the Riley property listed, the Knight Realty Company merely brought together the two agents representing the two principals, and, in the transaction, we are of the opinion that the Knight Realty Company was not representing either of the principals, but was a mere middleman and as such would be entitled to the one-third of the two commissions, agreed by Lane and Williams to be paid it for the assistance rendered in consummating the sale. Alvord v. Cook, 174 Mass. 120, 54 N. E. 499; 4 Elliott on Contracts, p. 99, note 96; 4 R. C. L. p. 328, § 63; 4 R. C. L. p. 330, § 65; and other cases cited in Scott v. Kelso, supra.

[8-10] Though an agreement be made by brokers representing two principals to pool or divide commission, and without the knowledge of the principals, yet an agent may enforce the collection of the commission agreed to be paid by his principal, if, in order to do so, it is not necessary for him to plead and prove violation of this rule. Sullivan v. Tufts, 203 Mass. 15, 89 N. E. 239; Thorne v. Barth, 114 N. Y. Supp. 900. Nor will an agreement, by a broker representing one of the principals to an exchange of land, to pay the broker representing the other principal a commission be unenforceable under this rule, where the principal of the broker who was to receive the commission knew of the agreement. Burck v. Wynn, 168 S. W. 49. See Leathers v. Canfield, 117 Mich. 277, 75 N. W. 612, 45 L. R. A. 33, for a full collection of authorities, which as to some phases of the question involved are not without conflict. But we believe the conclusions reached by us are in harmony with the trend of authority. As stated in Chapman v. Currie, 51 Mo. App. 40, it makes no difference that such common agent was guilty of no actual wrong, as the court refuses to countenance such employment, not for the sake of the principals, but for the sake of the law. Or, stating the principle differently, the rule is not intended to be remedial of actual wrong, but preventive of the possibility of it. 4 R. C. L. p. 328, § 64; De Steiger v. Hollingsworth, 17 Mo. App. 382; Everhart v. Searle, supra; Rice v. Wood, 113 Mass. 133, 18 Am. Rep. 459; Tinsley v. Penniman, 12 Tex. Civ. App. 591, 34 S. W. 365. Williams' right of recovery is dependent upon an original lawful contract recognized by his principal. But Lane's right of recovery is based upon an allegation of fact, to wit, that both principals knew of this agreement to pool commissions, which the evidence fails to sustain.

Therefore the judgment in favor of the Knight Realty Company will be affirmed, and the judgment in favor of intervener Lane will be reversed and here rendered in favor of the plaintiff in error, with one-half of the costs of appeal taxed against defendant in error Lane, and one-half against plaintiff in error.

Judgment affirmed in part, and reversed and rendered in part.