

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

August 12, 1993

Honorable Tom Craddick
Chair
Ways and Means Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-244

Re: Whether there is a conflict of interest where a person serves simultaneously as a county commissioner and a manager of a corporation with which a community center created by that county has entered into a contract (RQ-536)

Dear Representative Craddick:

Your request for an opinion informs us that the Gulf Coast Mental Health/Mental Retardation Community Center ("Gulf Coast Center") is seeking to purchase a new telephone system. The Gulf Coast Center is a community center established by the counties of Galveston and Brazoria pursuant to former article 5547-203, V.T.C.S. (now sections 534.001 and 534.003 of the Health and Safety Code). All the trustees of the Gulf Coast Center have been appointed by the commissioners courts of Galveston and Brazoria from among qualified voters residing in those counties pursuant to section 534.003 of the Health and Safety Code ("the code"). None of the trustees have been members of the commissioners courts of those counties, although section 534.003 expressly permits such appointments.

After receiving seven bids for the telephone system in a competitive-bidding process, the Gulf Coast Center's board of trustees has awarded the contract to the low bidder, J & J Telecommunications, Inc. of Galveston. J & J Telecommunications, Inc. is a corporation whose president happens to be a county commissioner of Galveston and whose vice president is the son of that commissioner.

You ask us whether the contract between the community center and J & J Telecommunications, Inc. is permissible in spite of the commissioner's relationships with one of the counties that created the Gulf Coast Center and the corporation that is in contractual privity with the community center. We will consider this question in light of section 81.002 and chapter 171 of the Local Government Code and the public policy against dual agency.

For the purposes of the following discussion it is important to note that the Gulf Coast Center, as a community center, is administered by its board of trustees, Health & Safety Code § 534.008, and that there is no statutory provision for a county's involvement in any function of a community center other than in the appointment of trustees under

Honorable Tom Craddick - Page 2    (DM-244)

sections 534.002 and 534.003 and in the contribution of property to the center under section 534.019, "to administer the community center's programs and services." We therefore presume that the county commissioner did not participate in the decision to award the contract to J & J Telecommunications, Inc. Furthermore, the Gulf Coast Center, as a community center, is a unit of government separate from the counties of Brazoria and Galveston:

> (c) A community center is:
>
>> (1) a state agency, governmental unit, and unit of local government, as defined and specified by Chapters 101 and 102, Civil Practice and Remedies Code; and
>>
>> (2) a local government, as defined by Section 3, The Interlocal Cooperation Act (Article 4413(32c), Vernon's Texas Civil Statutes).

Health & Safety Code § 534.001(c); *see* Attorney General Opinion M-1266 (1972) at 5 (commissioners court has no authority "to change by resolution a community center into a county department").

Section 81.002 of the Local Government Code requires a county commissioner upon entering office to swear that he or she

> will not be interested, directly or indirectly, in a contract with or claim against the county except:
>
>> (1) a contract or claim expressly authorized by law; or
>>
>> (2) a warrant issued to the . . . commissioner as a fee of office.

Because the contract between the Gulf Coast Center and J & J Telecommunications, Inc. is not a "contract with or claim against *the county*" (emphasis added), we conclude that section 81.002 is inapplicable to this transaction.

Chapter 171 of the Local Government Code also governs conflicts of interest of county commissioners. Section 171.001 defines "local public official" in part as "a member of the governing body . . . of any . . . county." The heart of chapter 171 is section 171.003, which prohibits, among other things, a local public official's "participat[ion] in a vote or decision on a matter involving a business entity in which the official has a substantial interest" in certain circumstances. We conclude that chapter 171 does not apply to the Gulf Coast Center's decision to award the contract to J & J Telecommunications because the county commissioner did not participate in that decision.

Finally, we are of the opinion that the doctrine of dual agency does not apply to the commissioner as a member of a county governing body and a manager of a corporation with which a community center created by that governing body has entered into a contract. The doctrine was stated as follows in *Scott v. Kelso*, 130 S.W. 610, 611

(Tex. Civ. App.--1910, no writ): "In all cases the principal is entitled to the best effort and unbiased judgment of his agent, and the law, for reasons founded in public policy, forbids the agent's assumption of a relation which affords temptations antagonistic to [t]his duty." We find here no antagonism between the county commissioner's duty to the county and his management of a corporation that is in contractual privity with the Gulf Coast Center.

Because we have concluded that there is no conflict of interest arising from the commissioner's management of the corporation in question, *a fortiori* there is no conflict of interest arising from the less direct involvement of the commissioner with the corporation by virtue of his paternal relationship to the corporation's vice president.

## S U M M A R Y

There is no conflict of interest where a person serves simultaneously as a county commissioner and a manager of a corporation with which a community center created by that county has entered into a contract.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General