## A. G. COOPER v. B. F. YOAKUM.

### No. 616.—Decided January 13, 1898.

**1. Writ of Error—Time Allowed for.**

In carrying a case by writ of error from the District Court to the Court of Civil Appeals, the writ must be sued out within one year from the rendition of the judgment proper. Petition filed later, though less than a year from overruling motion for new trial, is not in time. (Pp. 392, 393.)

**2. Statutory Construction.**

Language in an article of the statutes will be presumed to be used in the same sense which it must needs bear in another article upon an allied subject, and in which it was also construed by the courts in a former statute, from which it was taken. (Pp. 392, 393.)

QUESTION CERTIFIED by Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

*H. E. Vinor*, *Clark & Fuller* and *C. S. Robinson*, for plaintiff in error Cooper.

*Houston Bros.* and *Franklin & Cobbs*, for defendant in error Yoakum.

GAINES, CHIEF JUSTICE.—The following questions have been certified for our determination by the Court of Civil Appeals for the Fourth Supreme Judicial District:

"The petition for writ of error was filed on April 24, 1897. The judgment was rendered on March 9, 1896. The order overruling plaintiff in error's motion for new trial appears in the minutes of the District Court of the date April 24, 1896, and reads: 'In this cause this day came on to be heard defendant's motion for a new trial, which motion after being duly considered by the court, was by the court overruled, to which ruling of.the court defendant in open court excepted and gives due notice of appeal.'

"A motion is filed on behalf of defendant in error, in this court, to dismiss the writ of error, because not sued on in time. In connection with this motion it is shown that the order was in fact made on April 22, 1896, by a certified copy of the entry of the District Judge on his motion docket as follows: 'Motion overruled to which plaintiff excepts and ten days leave given to file statement of facts 4/22/96.' This court finds from the evidence before it that the 22nd of April, 1896, was in fact the date upon which the judge overruled the motion.

"1. Should the writ of error have been sued out within twelve months from the rendition of the main judgment?

"2. If not, then is the date upon which the minutes show the judgment overruling the motion for new trial to have been rendered, conclusive of the date from which the twelve months allowed within which to sue out a writ of error are to be computed?"

We are of opinion that the first question certified should be answered in the affirmative.

Section 142 of the Act of May 13, 1846, "to regulate proceedings in the district court," provided that "no writ of error shall be granted after the expiration of two years from the rendition of the judgment. * * *" Pas. Dig., art. 1496. In Waterhouse v. Love, 23 Texas, 560, this statute was construed and it was there held that under it the writ of error should have been sued out within two years from the time at which the main judgment was rendered. In this opinion, speaking of the provision quoted above, the court say: "The language is too plain to be mistaken. It bars the remedy at the expiration of two years from the 'rendition of the judgment.' The rendition of the judgment is an independent fact, distinct from the adjournment of the court, from other proceedings at the term, and in the same case; and it is from the happening of this fact, that the two years are to be computed. This is the plain meaning of the language of the statute. A previous section of the same act provides, in case of appeal, that the appeal bond shall

be given 'within twenty days after the term of the court, at which the judgment or decree was rendered,' showing that the Legislature had in mind the distinction between the date of the judgment and of the adjournment of the court."

The language. of the present statute, in so far as it affects the point before us, is not different in substance. It reads as follows: "The writ of error may, in cases where the same is allowed, be sued out at any time within twelve months after the final judgment is rendered, and not thereafter." Rev. Stats., art. 1389. That the final judgment which is meant is the judgment proper in the case, and not the order overruling a motion for a new trial, is made manifest by the second preceding article of the Revised Statutes in relation to appeals. That article reads in part as follows: "An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered, by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial," etc. Rev. Stats., art. 1387. It is quite clear that the Legislature did not intend to use the words "final judgment" in one sense in article 1387, which fixes the time within which notice of appeal is to be given, and in a different sense in article 1389, which defines the date from which the twelve months are to be computed within which the writ of error is to be allowed. Besides, those words as used in the Act of May 13, 1846, having been construed by this court, the Legislature in using the same words as applicable to the same subject matter in article 1389 must be presumed to have intended to employ them in the same sense.

Our opinion will be so certified.

Mr. Justice Denman did not sit in this case.