## CARPENTER v. CARPENTER.

(Court of Civil Appeals of Texas. Texarkana. Dec. 7, 1911.)

APPEAL AND ERROR (§ 345*)—WRIT OF ERROR —DISMISSAL.

Under Sayles' Ann. Civ. St. 1897, art. 1389, providing that writs of error may be sued out at any time within 12 months after final judgment and not thereafter, a writ, not sued out within 12 months from judgment but within 12 months from the entry of the order overruling a motion for new trial, will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1895, 1896; Dec. Dig. § 345.*]

Error from District Court, Lamar County; T. D. Montrose, Judge.

Action by Fannie Carpenter against E. E. Carpenter. Judgment dismissing the petition, and the plaintiff brings error. Writ dismissed.

Rosser Thomas, for plaintiff in error. J. L. Young, for defendant in error.

WILLSON, C. J. The writ of error must be dismissed, because not sued out within the time permitted by law. The plaintiff in error was the plaintiff below. A general demurrer to her petition was sustained by the trial court, and, she refusing to amend, her suit was dismissed by a judgment rendered December 7, 1909. She filed a motion for a new trial, which was overruled by an order made January 17, 1910. The petition and bond for the writ of error were filed January 14, 1911, more than 12 months after judgment was rendered, but within 12 months after the entry of the order overruling the motion for a new trial. Sayles' Stat. 1897, art. 1389. That the writ must have been sued out within 12 months from the rendition of the judgment, and not from the entry of the order overruling the motion for a new trial, was settled in Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871. That the writ should be dismissed, if not sued out within 12 months after the judgment was rendered, was determined in Carlton v. Ashworth, 45 S. W. 203.

Dismissed.