ST. LOUIS & S. F. RY. CO. et al. v. STAPP.
(No. 8036.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 14, 1914.)

APPEAL AND ERROR (§ 345*)—TIME FOR APPEAL—NEW TRIAL.

Under Rev. Civ. St. 1911, art. 2086, requiring that a writ of error be sued out within 12 months after rendition of final judgment, where a judgment was rendered December 11, 1912, and a motion for new trial was overruled January 21, 1913, a writ of error filed January 19, 1914, was not filed in time; the time of the commencement of the 12-month period not being changed by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612) effective April 4, 1913, which amends article 1612, and Supreme Court rule 24 (142 S. W. xii), making the filing of a motion for new trial a condition precedent to the taking of a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1895, 1896; Dec. Dig. § 345.*]

Error from Wichita County Court; C. B. Felder, Judge.

Action by G. W. Stapp against the St. Louis & San Francisco Railway Company and others. Judgment for plaintiff, and defendants bring error. Writ of error dismissed.

Carrigan & Householder, of Wichita Falls, and S. C. Rowe, of Ft. Worth, for plaintiffs in error. Jno. C. Kay, of Wichita Falls, and Theodore Mack, of Ft. Worth, for defendant in error.

BUCK, J. At the threshold of the consideration of this case we are met with the motion of defendant in error to dismiss the appeal of plaintiffs in error because it was not filed in this court within 12 months from the rendition of the judgment in the trial court, and he cites in support of his motion article 2086, Revised Civil Statutes 1911, which reads as follows:

"The writ of error may, in cases where the same is allowed, be sued out at any time within 12 months after the final judgment is rendered, and not thereafter,"

—and also the case of Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871.

By reference to the transcript it is shown that the judgment in the trial court was rendered December 11, 1912; motion for new trial was overruled January 21, 1913; and that the plaintiff filed his petition for writ of error in the trial court on January 19, 1914. So it will be seen that more than 12 months had elapsed between the rendition of the judgment in the trial court and the filing of plaintiffs in error's petition for writ of error, but that it lacked 2 days of being 12 months from the date of the overruling of the motion for new trial.

In the case of Cooper v. Yoakum, above referred to, the Supreme Court, on certified question by the Court of Civil Appeals for the Fourth District, held that the 12 months allowed by statute after the final judgment in the trial court in which to file the writ of error dates from the rendition of the main judgment, and not from the overruling of the motion for a new trial. This construction of the statute has been followed uniformly since, so far as we have been able to determine. In Carpenter v. Carpenter, 142 S. W. 633, the court adheres to the ruling made in the case of Cooper v. Yoakum.

But the plaintiffs in error urgently insist that the motion to dismiss the writ of error filed by defendant in error should not be sustained because:

"The petition for writ of error and error bond herein have been filed subsequent to the amendment of article 1612, Revised Civil Statutes of 1911, as amended by chapter 136, p. 276, of Acts of the Thirty-Third Legislature, which article as amended, when considered in connection with rule 24 promulgated by the Supreme Court November 26, 1911 (142 S. W. xii), makes it necessary to file a motion for new trial before an appeal or writ of error can be taken; whereas, under the law as it was previously to the enactment of said amendment and the formulating of said rule, such motion was not a necessary prerequisite to appeal or error. Therefore the judgment in this cause overruling the motion for new trial was the final judgment therein and the writ of error herein was sued out in time."

The amendment to article 1612, Revised Civil Statutes 1911, found in chapter 136, p. 276, Acts 33d Leg., to which counsel for plaintiffs in error cites us, became a law April 4, 1913. In Evans v. S. A. Tract. Co., 166 S. W. 408, the Court of Civil Appeals for

the Fourth District, speaking through Carl, J., uses the following language:

"This cause is brought to this court on writ of error from a judgment rendered on the 14th day of October, 1912. The motion for a new trial was overruled on November 30, 1912, and notice of appeal then given. The petition for writ of error was filed November 29, 1913."

And, after quoting article 2086, Revised Statutes, he further says:

"Where a petition for a writ of error is not filed within 12 months from the time final judgment is rendered, as provided in article 2086 of the Revised Statutes of 1911 (article 1389, Revised Statutes 1895), the writ will be dismissed; since the condition is jurisdictional. And this article of the statute has been construed to mean 12 months from the time the judgment was rendered, and not from the time the motion for a new trial is overruled"—citing Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871; Carlton v. Ashworth, 45 S. W. 203; Converse v. Trapp, 29 S. W. 415; Uvalde v. Uvalde, 31 S. W. 327; Schleicher v. Runge, 90 Tex. 456, 39 S. W. 279; Milo et al. v. Nuske et al., 95 Tex. 243, 66 S. W. 544.

As will be seen, the decision in Evans v. S. A. Traction Co., supra, was rendered more than 12 months after the amendment of article 1612 referred to, and the court must have had in mind such amendment at the time it rendered the decision.

While the plaintiffs in error cite us to what appears to be a contrary holding with reference to appeals from the justice court to the county court, as persuasive of the reasonableness and justice of a different construction than the one which has heretofore been adhered to of article 1612, yet we do not feel at liberty to depart from the construction of this article given by our Supreme Court and by courts of co-ordinate jurisdiction.

The writ of error is dismissed, at the cost of plaintiffs in error.