## WOOD v. HILL. (No. 2898.)

(Court of Civil Appeals of Texas. Texarkana. June 12, 1924.)

1. **Appeal and error** ⊜⇒345(1)—**Time within which to sue out writ of error runs from day of "final judgment."**

Within Vernon's Ann. Civ. St. Supp. 1922, art. 2086, requiring writ of error to Court of Civil Appeals to be sued out within six months after final judgment is rendered, the words "final judgment" refer to the main judgment which completely disposes of both parties and the subject-matter, and not to the order overruling a motion for new trial so that the time within which the writ must be sued out begins to run from the day of the judgment proper.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. **Appeal and error** ⊜⇒356—**Court of Appeals must dismiss writ of error not sued out within time prescribed by law.**

The Court of Appeals is without jurisdiction, where the writ of error is not sued out within the time prescribed by Vernon's Ann. Civ. St. Supp. 1922, art. 2086, and hence must dismiss such writ.

Error from County Court, Grimes County; R. M. West, Judge.

Action by George S. Wood against T. S. Hill. Judgment for defendant, and plaintiff brings error. On motion to dismiss writ. Writ dismissed.

S. W. Dean, of Navasota, for plaintiff in error.

R. R. Owen, of Corsicana, and W. W. Smith, of Anderson, for defendant in error.

LEVY, J. This case was tried in the county court at the term beginning in November and ending December 9, 1922. A final judgment was entered in favor of the defendant on November 21, 1922. A motion for new trial made by the plaintiff was overruled on December 9, 1922, and he excepted and gave notice of appeal. On June 2, 1923, the plaintiff filed with the clerk of the county court a petition for writ of error to the Court of Civil Appeals for revision of the judgment rendered in the county court, and at the same time filed with the clerk a writ of error bond. The citation in error was duly served on the defendant on June 8, 1923. The transcript on appeal was filed in the Court of Appeals on August 25, 1923. On

March 5, 1924, the defendant in error filed in the Court of Civil Appeals a motion to dismiss the writ of error upon the ground that the appellate court is without jurisdiction to allow and entertain the writ of error, since the writ of error was not sued out within six months after the final judgment was rendered in the county court.

[1, 2] The statute provides that a writ of error to the Court of Civil Appeals may be "sued out at any time within six months after the final judgment is rendered, and not thereafter." Article 2086, Vernon's Ann. Civ. St. Supp. 1922. As decided by the Supreme Court in Foster v. Bourgeois (Tex. Sup.) 259 S. W. 917, the words "final judgment," as used, refer to the main judgment "which completely disposes of both parties and the subject-matter," and not the order overruling the motion for new trial. Also Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871. Hence the time within which to sue out the writ of error begins to run from the day the judgment proper was entered, and not from the day the motion for new trial was overruled. In this case more than six months elapsed from the date of the judgment on November 21, 1922, to the filing of the application for writ of error with the county clerk on June 2, 1923. The court of appeals has no jurisdiction where the writ of error is not sued out within the time prescribed by law, and it will be dismissed by the court. Odum v. Garner, 86 Tex. 374, 25 S. W. 18.

The court rules cited by plaintiff in error do not apply to dismissals for want of jurisdiction, as here.

The writ of error is dismissed.