MID TEXAS OIL & REFINING CO. et al.
v. PANHANDLE REFINING CO. et al.
(No. 211.)

(Court of Civil Appeals of Texas. Eastland. May 14, 1926.)

1. Appeal and error ⬳345(1) — Motion for new trial does not extend time for appeal.

Appeal by writ of error must be sued out within 6 months after date of original judgment, and cannot be sued out within 6 months from overruling of motion for new trial.

2. Appeal and error ⬳345(2)—Motion by bill of review under statute to set aside judgment held but continuance of old proceeding, and writ of error was properly dismissed where filed more than 6 months after original judgment was entered (Rev. St. 1911, arts. 2026-2029 [now Rev. St. 1925, art. 2236]).

A motion by bill of review under Rev. St. 1911, arts. 2026-2029 (now Rev. St. 1925, art. 2236), to set aside judgment rendered on serv-

ice by publication, *held* not a new cause of action but a continuance of old cause and writ of error was properly dismissed where petition for writ of error was filed more than four years after original judgment, even though filed within six months after overruling of motion to set aside judgment.

Error from District Court, Eastland County; E. A. Hill, Judge.

Suit by the Panhandle Refining Company and others against the Mid Texas Oil & Refining Company and others. Judgment for plaintiffs, and defendants bring error. Writ dismissed.

Dedmon & Potter and A. H. Kirby, all of Fort Worth, and Conner & McRae, of Eastland, for plaintiffs in error.

Funderburk & Richardson, of Eastland, for defendants in error.

PANNILL, C. J. This suit was brought by Panhandle Refining Company, defendants in error, against the Mid Texas Oil & Refining Company, plaintiffs in error. The defendants were cited by publication, and an attorney appointed by the court answered for defendants. Judgment was in favor of defendant in error for the debt sued for, with a foreclosure of lien and order of sale. Thereafter within two years plaintiffs in error brought a bill of review under articles 2026–2029, Revised Statutes 1911, seeking to have said judgment set aside. This bill of review was subsequently amended, and, upon the proceeding being brought to trial, was stricken out by the court on the motion of the defendants in error. This action of the court was duly excepted to and notice of appeal given. The appeal was not prosecuted. Petition for writ of error was filed within six months from the action of the court in striking out said motion, but nearly four years after the rendition of the original judgment.

Defendants in error move to dismiss the writ of error because not sued out within six months from the date of the original judgment.

[1] It is well settled that an appeal by writ of error must be sued out within six months from the date of the original judgment, and cannot be sued out within six months from the overruling of the motion for a new trial. Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871; Evans v. San Antonio Traction Co. (Tex. Civ. App.) 166 S. W. 408; Kolp et al. v. Shrader (Tex. Civ. App.) 168 S. W. 464; Wood v. Hill (Tex. Civ. App.) 263 S. W. 631; Kittrell v. Fuller (Tex. Civ. App.) 281 S. W. 575.

[2] Therefore, if the motion filed by plaintiffs in error to set aside the judgment is merely a continuation of the proceedings in the main cause and is not a new and separate action, the motion to dismiss should prevail. No brief on the motion has been filed for the plaintiffs in error. No case has been cited in support of the motion, deciding the precise question involved. An exhaustive search of the authorities reveals but one case where this question has been up for decision, and that is the case of Brown v. Dutton, 38 Tex. Civ. App. 294, 85 S. W. 454. It was expressly decided in that case that a petition for a bill of review was not merely a continuation of the proceedings in the main case, but was a new and separate action, and that an appeal therefrom was an appeal from the judgment entered on the motion and not an appeal from the original judgment. This case was subsequently overruled by the same court in the case of Wolf v. Sahm, 55 Tex. Civ. App. 564, 120 S. W. 1114, 121 S. W. 561. Although in the latter case the decision was not upon the question as to whether an appeal from an order overruling a motion to set aside a judgment rendered by publication, is an appeal from the judgment on the motion, but the question, as to whether a proceeding instituted under the statutes referred to was a motion for a new trial or a separate action, was directly involved. A writ of error was refused in the case last referred to. The refusal of a writ of error in that case, together with the decisions in the cases of Stewart v. Jones, 9 Tex. 469, Miles v. Dana, 13 Tex. Civ. App. 240, 36 S. W. 848, Glaze v. Johnson, 27 Tex. Civ. App. 116, 65 S. W. 662 (all holding order granting new trial in such cases interlocutory, and not appealable), evidently settle the question and determine the proposition that a motion to set aside a judgment rendered on service by publication brought under the articles of the statutes above cited, now article 2236, is but a continuation of the main case, and that said article merely extends the time in which a motion for new trial may be filed in such cases.

On the hearing of the motion to set aside the judgment, plaintiffs in error announced that it was relied on wholly as a motion for a new trial under said article 2026.

It follows that the writ of error is an attempt to vacate a judgment rendered nearly four years prior to the time the petition for writ of error was filed. Plaintiffs in error should have prosecuted their appeal.

The motion must be sustained, and the writ of error dismissed, with cost against plaintiffs in error.