**MARTIN et al. v. HIGGINBOTHAM.**

No. 10746.

Court of Civil Appeals of Texas. Dallas.
April 26, 1930.

Rehearing Denied April 26, 1930.

Crate Dalton, of Dallas, and Mike E. Smith, of Fort Worth, for plaintiffs in error.

Read Lowrance & Bates, of Dallas, for defendant in error.

**JONES, C. J.**

On a former day of this term, the motion of defendant in error to dismiss this writ of error was granted without a written opinion. Plaintiffs in error have filed a motion for rehearing, strenuously insisting that the court erred in granting the motion to dismiss. The motion to dismiss is based on the ground that the petition for writ of error was filed more than six months after the rendition of the judgment sought to have reviewed by this court. Plaintiffs in error make three contentions in answer to this motion, viz.: (1) That the judgment was not actually rendered until the date it was placed on the minutes by the court, and the writ of error was sued out within six months from this date; (2) that the petition for rehearing was filed within six months from the date on which the motion for a new trial was overruled, and consequently the date on which the judgment became final; and (3) that, if mistaken in both of these contentions, then the motion for a new trial was in fact a bill of review, appealing in equity to the court to set aside the judgment rendered, and that the judgment on the bill of review was final, and one from which a writ of error could be prosecuted.

As to the first contention, it is clear from the record that the judgment in the trial court was rendered on the 2d day of May, 1929, but not placed on the minutes of the district court until May 17, 1929. Under the

rule that obtains in this state, the six months within which a writ of error must be prosecuted begins to run from the day the judgment was rendered, in the instant case on May 2, 1929. The record shows that the petition and bond for writ of error were filed in the lower court November 8, 1929, a few days after the expiration of the six-month period from the rendition of the judgment, and hence no jurisdiction to review the original judgment is conferred on this court. The motion for a new trial was filed May 24, 1929, styled "A Motion to Set Aside the Judgment," and was overruled by the trial court on June 15, 1929, within the six-month period. As stated above, however, the time is computed from the date of the rendition of the judgment and not from this latter date. Kittrell v. Fuller (Tex. Civ. App.) 281 S. W. 575, and authorities therein cited; Mid Texas Oil & Refining Co. v. Panhandle Refining Co. (Tex. Civ. App.) 283 S. W. 572, and authorities therein cited.

◼ If the motion to set aside the judgment be treated as a bill of review, then the hearing of said motion as a bill of review must be considered in the nature of a distinct suit, and a writ of error could be prosecuted directly from the judgment entered on such hearing, independent of the rendition of the original judgment, the latter becoming only a necessary incident to the hearing of the bill of review. An examination of said motion discloses that it contains, as against a general demurrer, all of the essential elements of a bill of review. It was filed within thirty days from the rendition of the original judgment, and before such judgment had become final, and hence could be considered as a motion for a new trial. In other words, plaintiffs in error could have presented such instrument in the lower court as a bill of review and insisted on a trial thereon under rules governing such actions, notwithstanding the manner in which it was styled, or they could have considered it as a motion for a new trial and presented as such to the trial court. Which course did plaintiff in error pursue? An inspection of the petition for writ of error filed in the lower court conclusively shows that plaintiffs in error treated said motion as one for new trial, and are seeking a review of the original judgment with the order on said motion as only incidental to such review, and are not seeking in this court a review of the judgment of the trial court on a bill of review with the original judgment only incidental to such review. Plaintiffs in error, having thus sought a review of the original judgment by means of a writ of error, are required to file the petition and bond for writ of error within six months from the date of the rendition of the judgment they seek to have reviewed. The petition and bond, having been filed after the expiration of said six-month period, did not give to this court jurisdiction to review such judgment, and the motion for rehearing is overruled.

Overruled.