**COWSAR v. RHODES.**

**No. 12469.**

**Court of Civil Appeals of Texas. Fort Worth.**

May 23, 1931.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

116

L. C. Counts, of Olney, for appellant.

Nolan Queen, of Weatherford, for appellee.

BUCK, J.

J. E. Rhodes, of Weatherford, Parker county, sued A. H. Cowsar, of Olney, Young county, and for cause of action plaintiff represented that he and defendant had entered into an agreement in writing by them subscribed; such an agreement being as follows:

"State of Texas, County of Parker.

"Know all men by these presents:

"Whereas, A. H. Cowsar, is the owner of certain property in Olney, Texas,' consisting of a lot and two (2) houses more fully described hereinafter; and

"Whereas, J. E. Rhodes, is the owner of forty (40) acres of land out of the J. S. Fox survey, of Parker County, Texas; and

"Whereas, it is the desire of both parties to make an exchange of said property on certain terms, covenants and conditions as more fully set out hereafter; and

"Now therefore know all men by these presents that we hereby agree and do hereby bind ourselves, executors and administrators as follows, to-wit:

"First.

"It is agreed by and between the parties hereto that the forty (40) acres of land owned by the said J. E. Rhodes is worth four thousand ($4,000) Dollars, against which there is a first vendor's lien note in the principal sum of nine hundred ($900) dollars, which indebtedness the said A. H. Cowsar assumes; and

"Two.

"It is further agreed that value of lot No. 12 block No. 11, Olney Improvement Addition at Olney, Texas, is three thousand ($3,000) dollars, and is clear of encumbrance.

"Three.

"It is further agreed that the said J. E. Rhodes is to pay the 1930 taxes on the Olney property and the said A. H. Cowsar is to pay the 1929 and 1930 taxes on the forty (40) acres now owned by J. E. Rhodes.

"Four.

"The said J. E. Rhodes hereby binds himself to deliver a good and merchantable abstract of title to the forty (40) acres of land herein conveyed out of the J. S. Fox survey, and being the same land more fully described in the deed from V. W. Rowland and wife to J. E. Rhodes dated April 12, 1929, of record in Deed Records of Parker County, Texas, subject only to 1929 and 1930 taxes and subject to four (4) two hundred ($200.00) dollars notes, described in said deed and a balance of one hundred ($100.00) dollars still remaining on the 1929 two hundred ($200.00) dollar note.

"Five.

"The said A. H. Cowsar hereby agrees and binds himself to execute a good and sufficient warranty deed to lot No. 12, block No. 11, Olney Improvement Addition, showing a good and merchantable title in him, same being free of all liens and encumbrances, subject however to the purchaser assuming the 1930 taxes accruing on said property.

"Six.

"Each party hereto shall bring his abstract down to date immediately and shall deliver same to the other party who shall be allowed five (5) days from the receipt thereof for the examination and approval of said abstract. If there are any objections to said title by the attorney of said parties selection, the other party shall be allowed a reasonable time to perfect said objections, which shall be done at the expense of the party whose land is affected. Notices of any objections of said title shall be given immediately upon complete examination of said title.

"Seven.

"Each party hereto especially agrees and binds himself to take every step to expedite the conclusion of this deal each party agrees to execute a proper warranty deed to the property he conveys and on completion of the deal each party hereto shall be given immediate possession of the property conveyed to him.

"Eight.

"It is especially agreed and understood by both parties hereto that each party shall pay to C. A. Wood two and one-half (2½) per cent. commission on a valuation of four thousand ($4,000.00) dollars, and A. H. Cowsar on a valuation of three thousand ($3,000.00) dollars.

"Nine.

"This contract shall be enforcible in Parker County, Texas, and any suit to enforce the same shall be brought in Parker County, Texas.

"Ten.

"Each party hereto unconditionally agrees and binds himself to convey the property

which he now owns to the other party immediately on the approval of the title and if any objections are raised to his title he binds himself to correct his title at his own expense. If neither party is notified to any objections of the property he has conveyed after five days after examination of title, then said objections are waived.

"Eleven.

"It is especially agreed that if either party hereto fails or refuses in any way or 'manner to carry out or completely fulfill this contract he hereby agrees and binds himself to pay to the other party the sum of seven hundred fifty dollars ($750.00) as liquidated damages for his failure or refusal to strictly comply with this contract.

"Twelve.

"This contract is executed in duplicate, each is declared to be an original for all legal purposes the same as if original. A third copy is being kept by the party drawing up said contract.

"Thirteen.

"It is agreed and understood that the said J. E. Rhodes is trading for the Olney property sight unseen, but he understands that there are two houses on said lot, one being a five room new house and the other a three room house.

"Witness our hands at Weatherford, Texas, this the 14th day of February, A. D. 1930.

"A. H. Cowsar
"J. E. Rhodes."

Plaintiff alleged that by the terms of said contract the defendant agreed to execute a good and sufficient warranty deed to the property in Olney owned by him, immediately upon examination of the abstract of title owned and furnished by plaintiff, and agreed to convey said property to plaintiff free of any liens and incumbrances; and plaintiff on his part agreed that he would at the time and place mentioned in said contract, on the execution and delivery of said conveyance to him by defendant, deliver to defendant the warranty deed to the 40 acres of land described in said contract, subject to an indebtedness of approximately $1,000; that, by the terms of said contract, if either party thereto failed or refused in any manner to carry out and completely fulfill said contract, he agreed to pay to the other party $750 as liquidated damages for his failure or refusal to strictly comply with said contract.

Defendant filed a motion to quash the citation, first, because the said citation does not state the nature of plaintiff's demand; and, second, because the purported original petition attached to said citation lacks verity, in that it was not signed by any one.

This motion was overruled by the trial court.

Defendant filed his original answer, consisting of a general demurrer, a plea to the jurisdiction of the court, a plea that the property agreed to be conveyed by the defendant was the homestead of himself and his wife, and a general denial. The general demurrer and special exceptions were overruled by the court.

On the 21st day of May, 1930, the court entered judgment for plaintiff in the sum of $750, with interest at the rate of 8 per cent. per annum from February 17, 1930.

Defendant has appealed.

Opinion.

■■ Under the first proposition, error is assigned to the action of the trial court in overruling defendant's motion to quash the citation. The ground alleged for quashal is that the citation does not state the nature of plaintiff's demand, and because the purported original petition attached to such citation lacks verity, in that it is not signed by any one.

In the first place, the motion to quash on the ground stated would only involve the question of cost up to that time, and defendant would be in court at the next term. In the second place, the statute, article 2022, Rev. Civ. Statutes, as amended by the acts of the Legislature 1919, reads as follows: "Citations shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same. It shall state the date of the filing of the petition, its file number and the names of all the parties and the nature of the plaintiff's demand; but the nature of plaintiff's demand need not be stated in cases where by law it is required to accompany a citation with a certified copy of plaintiff's petition."

While plaintiff's petition accompanying the citation apparently is not signed by plaintiff's attorney, the district clerk of Parker county certified that it is a true and correct copy of plaintiff's original petition in cause No. 7621, styled J. E. Rhodes v. A. H. Cowsar, as the same appears on file in the clerk's office. We think this is sufficient verity to satisfy the requirements of the law.

■ The second proposition is that the trial court erred in failing to sustain defendant's general demurrer to plaintiff's original petition, because plaintiff, having pleaded the contract in hæc verba, is bound by the terms thereof, and such petition fails to affirmatively allege the performance of the terms

118

and conditions of such contract to be performed by plaintiff, and plaintiff does not by said petition tender performance thereof and offer to do equity in the premises.

Plaintiff pleaded that he immediately prepared the abstract of his land showing good and merchantable title down to date in the plaintiff, and within two days from the execution of the contract tendered said abstract to the defendant for his examination and approval. We think this allegation is sufficient tender.

The third proposition is that the trial court should have sustained defendant's special exceptions to plaintiff's original petition, on the ground that the petition seeks equitable relief, and is insufficient in that it wholly fails to allege and show that plaintiff performed or tendered the performance of his said contract set forth in said petition, particularly in that the plaintiff failed to allege that he ever duly executed and tendered to the defendant any conveyance of the property he was to convey, and failed to allege that he made and delivered to the defendant any abstract of title, as he bound and obligated himself to do in his contract, and wholly failed to do or to offer to do equity.

In the first place, this was not a suit in equity, but a suit upon contract. As before stated, plaintiff alleged that he tendered the abstract of title to defendant, said abstract showing good and merchantable title to date in plaintiff, but that defendant has failed to deliver to plaintiff, or to plaintiff's attorney, an abstract of title. We overrule this proposition.

■ The fourth proposition is directed to the admission in evidence of a copy of a telegram, dated February 7, 1930, addressed to C. A. Wood, and reading as follows:

"Trade off, wife will not sign deed to homestead.

"O. (A?) H. Cowsar."

Defendant objected to said telegram in evidence, because inadmissible and incompetent as evidence against the defendant, because it was not addressed to the plaintiff, and "nothing shows that it was intended for the plaintiff, and the said C. A. Wood was not authorized by such telegram to show or deliver the same to plaintiff and said Wood not being a party to said suit but only an agent of defendant, and such telegram is too indefinite and uncertain in its terms to be of any probative value against defendant, and the same should have been excluded by the court."

We do not think this telegram was inadmissible, inasmuch as it was sent to the agent of plaintiff below, and evidently was intended to be delivered by him to plaintiff to acquaint the plaintiff with the fact that defendant had failed or refused to carry out the contract. We overrule this proposition.

■ The fifth proposition alleges error of the trial court in rendering judgment for the plaintiff because such judgment is not supported by the evidence and is contrary thereto. It is urged that plaintiff below admitted in his testimony that the day after the execution of the contract in question he verbally agreed with defendant that on the following Wednesday he would go to Olney, where the defendant lived, and deliver to defendant his abstracts of title, and in turn get the defendant's abstracts of title, and defendant testified that he was ready, able, and willing at all times to accept the plaintiff's title to the property in question if the plaintiff had delivered to him the abstracts of title and conveyance of the property described in the contract.

We have read the statement of facts and believe the testimony amply supports the judgment rendered. In the face of the telegram sent by defendant to Woods, evidently for the purpose of having it delivered to plaintiff, we think the trial court was justified in not believing the statement of defendant that he was willing and ready to carry out the contract, and that his wife always signed deeds to their property, especially in view of the testimony of Silas Kemp, which plaintiff introduced with the agreed statement that it was true that he had had a conversation with the defendant following the trade in question, and that defendant had told him that he had made a bad deal and did not know "what to do about getting home."

All assignments of error are overruled, and the judgment is affirmed.