**ABLOWICH et al. v. JEFFERSON STAND-
ARD LIFE INS. CO.**

No. 3199.

Court of Civil Appeals of Texas. El Paso.
June 13, 1935.

Rehearing Denied July 11, 1935.

A. A. Ablowich, of Commerce, for plaintiffs in error.

Seay, Malone & Lipscomb, of Dallas, and L. L. Bowman, Jr., of Greenville, for defendant in error.

PELPHREY, Chief Justice.

This suit was originally filed September 24, 1931, by defendant in error, as plaintiff, against A. A. and Dave Ablowich, as defendants, for debt and for foreclosure of a deed of trust lien on two certain lots in the town of Commerce, Tex. A. A. Ablowich answered by exceptions, both general and special, a general denial, and by a cross-action. Dave Ablowich answered claiming a first and superior lien on the property in question. On December 27, 1932, defendant in error was granted leave to take a nonsuit and its cause of action was dismissed. On September 18, 1933, defendant in error filed an answer to plaintiff in error A. A. Ablowich's cross-action theretofore filed in the suit, and, in addition, filed a cross-action setting up substantially the same cause of action alleged in its original pleadings.

On October 2, 1933, citations issued to both A. A. and Dave Ablowich, and were served on the following day.

The citation to A. A. Ablowich contained, among others, the following recital: "The nature of plaintiff's demands and cause of action and pleadings is set out in accompanying certified copy of said answer and reply and to it reference is here made for full and complete description of same."

The sheriff's return shows that a certified copy of the pleadings of defendant in error was delivered to A. A. Ablowich. On January 2, 1934, a jury was impaneled and after the introduction of the testimony of the defendant in error the jury was instructed to return a verdict in its favor in the sum of $13,500, together with a foreclosure of the deed of trust lien.

Judgment was rendered pursuant to said verdict.

On January 13th following, A. A. Ablowich moved the court to set aside the verdict and judgment; to strike from the files the answer and cross-action of defendant in error; and to compel it to elect whether the pleading filed September 18, 1933, or the one filed November 22, 1932, would be relied upon by it.

This motion contained the following allegation: "And afterwards on Oct. 2nd, 1933, the clerk of this court issued a writ of citation to this defendant, which said writ contained no allegations whatever as to the nature of the Insurance Company's demands or cause of action but referred to the accompanying certified copy of said answer and reply for description of the same."

This motion was overruled and on July 2, 1934, both A. A. and Dave Ablowich filed their petition for a writ of error.

260

Plaintiff in error's brief consisting of one short page will be copied here. It reads:

"A. A. Ablowich et al., Plaintiffs in Error,
v. Jefferson Standard Life Insurance Company, Defendant in Error.

"The nature and result of the case.

"Above Plaintiffs in Error have a judgment of dismissal and for costs of an original action brought by above Company against them. * * * This judgment or order was rendered on Dec. 27th, 1932, and is in full force and effect as appears from the Record Proper herein. (See Tr. p. 28.)

"The above order or judgment was within the jurisdiction of the trial court, properly invoked, exercised, lost and exhausted, and in no wise reacquired or again invoked. (The whole record.)

"Yet the trial court did attempt to exercise further power and render an (attempted second final judgment) in favor of the above company when it was not a Plaintiff in Court. (For the second judgment see pp. of Tr. 48–50.)

"The Record Proper shows no power in the Court below for the Second Judgment unless and except to Dismiss The Whole Case (or file of papers).

"We esteem this case without the usual briefing rules (except your revisory jurisdiction to declare the want of jurisdiction of the trial court to render a judgment against us upon the action previously dismissed) and think the burden on the Company to brief and show the jurisdictional facts necessary to sustain a second judgment other than a dismissal for want of prosecution of the whole case. . Wherefore we ask the proper judgment from your Honors."

■ Defendant in error has questioned our jurisdiction to hear this appeal because the application for writ of error was not filed until July 2, 1934, the contention being that such filing was made one day more than six months after the final judgment was rendered on January 2, 1934. Defendant bases this assertion upon the conclusion that the date on which judgment is entered is included in the reckoning of the six months' period. In support of such conclusion we are cited to Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871, Williams v. Knight Realty Co. (Tex. Civ. App.) 217 S. W. 755, and Lacey v. McClure Company (Tex. Civ. App.) 223 S. W. 872. We

find from an examination of these cases that they all relate to the question whether the time begins from the date of the rendition of judgment or from the date of the overruling of the motion for a new trial.

There are some expressions used which, if taken alone, might be construed to mean that the day upon which judgment is rendered should be included in computing the six months, but when those expressions are considered in connection with the question under consideration, they should not, in our opinion, be so construed. Article 2255, Revised Statutes, reads: "The writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment is rendered."

Under the provision of the statute (article 1742) which requires a petition for a writ of error to the Supreme Court to be filed with the clerk of the Court of Civil Appeals "within thirty days from the overruling of the motion for rehearing," the Supreme Court, in computing the time, did not include the date upon which the motion for rehearing was overruled in its computation. Long v. Martin, 112 Tex. 365, 247 S. W. 827. From the wording of the statute itself and following the construction placed on a similar statute by the Supreme Court, we have concluded that the date upon which the judgment was rendered should not be considered in reckoning the six-month period and that the application was timely filed.

■ A reading of plaintiff in error's brief will disclose that no question is presented thereby for our consideration and we shall, therefore, examine the record only for fundamental error.

■ If the judgment against plaintiff in error was by default, and such it appears to be, then the record must show, aside from the recitals in the judgment, that service was had upon the losing party. From A. A. Ablowich's motion, we find an admission that citation was served on him and from the exhibits attached to defendant in error's motion for certiorari, which we heretofore made a part of the record in the case, it appears that both plaintiffs in error were cited to appear and answer defendant in error's answer and cross-action.

From a written and supplemental written argument, as well as from the motion

of A. A. Ablowich, we gather that his contention is that the service was insufficient as to him because a statement of the demand of defendant in error did not appear in the citation itself and for the further reason that the certified copy of the pleading attached to the citation was not signed. Attaching a copy of the petition to citation is sufficient compliance with the statute [Old Alcalde Oil Co. v. Ludgate (Tex. Civ. App.) 85 S. W. 453; El Paso & S. W. Co. v. Hall (Tex. Civ. App.) 156 S. W. 356; Butterworth v. Big Wells Farm Bureau Onion Growers' Ass'n (Tex. Civ. App.) 263 S. W. 632; Cowsar v. Rhodes (Tex. Civ. App.) 41 S. W.(2d) 115], and clerk's certification of pleading attached to citation, as true and correct copy of original petition is a sufficient verity, though the petition was unsigned [Cowsar v. Rhodes, supra].

Finding no fundamental error, the judgment of the trial court is affirmed.