

# THE ATTORNEY GENERAL
## OF TEXAS

April 5, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Sidney J. Braquet
Chairman
Texas Commission for the
   Deaf
P. O. Box 12904
Austin, Texas   78711

Opinion No. JM-884

Re: Whether a conflict of interest results from certain employments by members of the Texas Commission for the Deaf (RQ-1234)

Dear Mr. Braquet:

You request an opinion about conflicts of interest that might arise when members of the Texas Commission for the Deaf serve as officers or employees of other entities. You state that some commission members serve as members, employees, or advisory members, of nonprofit local councils for the deaf with which the Texas Commission for the Deaf contracts to deliver direct services as provided by the appropriations act, and you ask whether such dual service constitutes a conflict of interest under state law.

Section 81.006 of the Human Resources Code provides in part that the commission shall:

>    (2)  provide direct services to the deaf, including interpreter services, information and referral services, message relay services, advocacy services, services to elderly deaf and hearing impaired, training in basic life skills and job-seeking skills, and individual and family counseling;

>    (3)  work to ensure more effective coordination and cooperation among public and nonprofit organizations providing social and educational services to deaf individuals. . . .

Hum. Res. Code §81.006(a). In addition, the commission may:

> (4) contract with or provide grants to agencies, organizations, or individuals as necessary to implement this chapter.

Hum. Res. Code §81.006(b). The current appropriations act appropriates funds for "Local Contract Services" subject to the following rider:

> 5. The Commission shall use all funds appropriated in Local Contract Services to enter into contracts with local councils for the deaf for only those services and amounts so listed.

Acts 1987, 70th Leg., 2nd C.S., ch. 78, art. II, at 12, 14. Similar provisions were included in the prior appropriations act. Acts 1985, 69th Leg., ch. 980, art. II, at 10, 12. A number of contracts have been awarded to local councils with starting dates of September 1, 1987. See Tex. Comm'n for the Deaf, 12 Tex. Reg. 2868 (1987) (notice of contract awards); Texas Sunset Advisory Commission, Final Report (Jan. 1985) at 160.

Officers of state agencies are prohibited from having a direct or indirect pecuniary interest in a contract entered into on behalf of their agency. Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. - Eastland 1925, no writ); Attorney General Opinion Nos. JM-817, JM-671 (1987); MW-179 (1980); H-1309 (1978). If the commission members who serve as members, employees, or advisory members of local councils are compensated for their services, they have a pecuniary interest in the local council and the contracts benefitting it. See Attorney General Opinion Nos. JM-171 (1984); H-1309 (1978); H-916 (1976); M-714 (1970). Contracts made in violation of the policy prohibiting such pecuniary interests are illegal and void. Meyers v. Walker, supra. Thus, the commission cannot legally contract with a local council in which a commission member has a pecuniary interest. The commission member will have to resign from either the commission or the local council before such contracts may be validly entered into.

If a commission member holds a position with a local council which authorizes him to enter into contracts on behalf of it, another legal doctrine would also bar such contracts. In such cases, the same individual attempts to represent both the Commission for the Deaf and the local council in contract formation. Attorney General Opinion H-1309 (1978) stated that a policy against dual agency

prevented one person from representing both a state agency and the other party in forming a contract. The state is entitled to the best efforts and unbiased judgment of its agent. Attorney General Opinion O-2929 (1942) (quoting and discussing Scott v. Kelso, 130 S.W. 610 (Tex. Civ. App. 1910, no writ)). Thus, if a commission member is also an employee or member of a local council with authority to contract on behalf of the council, the policy against dual agency would prevent the commission from entering into a contract with that local council.

Section 8 of article 6252-9b, V.T.C.S., is relevant to your question. It includes the following standard of conduct:

> (c) No state officer or state employee should accept other employment or compensation which could reasonably be expected to impair his independence of judgment in the performance of his official duties.

V.T.C.S. art. 6252-9b, §8(c). This provision applies to the officers and employees of a "state agency," which is defined in part as:

> (A) any department, commission, board, office, or other agency that:
>
> (i) is in the executive branch of state government;
>
> (ii) has authority that is not limited to a geographical portion of the state; and
>
> (iii) was created by the constitution or a statute of this state. . . .

V.T.C.S. art. 6252-9b, §2(8). Thus, section 8 of article 6252-9b, V.T.C.S., applies to the Commission for the Deaf, even though it is not a "major state agency" for purposes of that statute.

You point out section 81.002(d) of the Human Resources Code which provides as follows:

> (d) An officer, employee, or paid consultant of an association representing the interests of deaf or hearing-impaired persons may not be a member or employee of the

> commission, nor may a person who cohabits
> with or is the spouse of an officer, mana-
> gerial employee, or paid consultant of an
> association representing the interests of
> deaf or hearing-impaired persons be a member
> of the commission or an employee of the
> commission grade 17 and over, including
> exempt employees, according to the position
> classification schedule under the General
> Appropriations Act. (Emphasis added.)

Hum. Res. Code §81.002(d). It is a ground for removal from the commission if a member violates section 81.002(d). See Hum. Res. Code §81.0021(a)(3).

Section 81.002(d) was adopted in 1985 in connection with review of the commission by the Sunset Advisory Commission. See Acts 1985, 69th Leg., ch. 619, §1, at 2300. It is one of a number of "across the board" recommendations of the Sunset Advisory Commission which the legislature adopted for the Commission for the Deaf. See Bill Analysis to S.B. No. 384, 69th Leg. (1985). Conflict of interest provisions are recommended by the Sunset Commission to prevent agencies from developing close ties with professional trade organizations and other interest groups which may not be in the public interest. Texas Sunset Advisory Commission, Final Report (Jan. 1985) at 2. In our opinion, "an association representing the interests of deaf or hearing-impaired persons" directs its major efforts toward advocacy of policies regarding deaf or hearing-impaired persons. Whether a particular entity is the kind of association described by that provision is a fact question which cannot be answered in an Attorney General Opinion.

We finally point out the following provision which was adopted in 1987:

> (f) A person is not eligible for appoint-
> ment as a member of the commission if the
> person or the person's spouse:
>
> (1) is employed by or participates in
> the management of a business entity or
> other organization regulated by the
> commission or receiving funds from the
> commission. . . .

Hum. Res. Code §81.002(f); Acts 1987, 70th Leg., ch. 343, §2, at 3490. This provision does not apply to a member of

the Texas Commission for the Deaf who held office on September 1, 1987. Id. §§11, 14, at 3497, 3498. Although it does not apply to the conflicts of interest you inquire about, it should prevent them with respect to persons appointed after the effective date of this provision.

### S U M M A R Y

Common law prohibitions against conflict of interest prevent the Texas Commission for the Deaf from contracting with a local council for the deaf if a commission member serves the local council as a paid employee or in a decision-making capacity which authorizes him to contract for the council. Whether a particular local council is "an association representing the deaf or hearing-impaired persons" within section 81.002(d) of the Human Resources Code is a fact question.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General